[No. G017024. Fourth Dist., Div. Three. May 22, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
THOMAS SHAWN BAILEY, Defendant and Respondent.

## COUNSEL

Michael R. Capizzi, District Attorney, and E. Thomas Dunn, Jr., Deputy District Attorney, for Plaintiff and Appellant.

Richard Schwartzberg for Defendant and Respondent.

## OPINION

**RYLAARSDAM, J.**—A jury convicted Thomas Shawn Bailey of second degree robbery (Pen. Code,[1] § 211) and found true a firearm use enhancement (§ 12022.5, subd. (a)(1)). The jury's finding rendered defendant statutorily ineligible for probation. (§ 1203.06, subd. (a)(1)(B).) Nevertheless, the trial court granted probation. The People appealed, contending the trial court acted in excess of its sentencing authority. In the alternative, the People request we construe the opening brief as a petition for writ of mandate.

We hold that the 1986 enactment of section 1238, subdivision (d) eliminated the People's right to appeal from orders granting probation and limited appellate review of such orders to petitions for writ of mandate or prohibition filed within 60 days of the grant of probation. Accordingly, we dismiss the People's appeal and conclude the alternative writ petition was untimely.

### FACTS

Bailey, armed with a gun, robbed a 15-year-old boy of his video camera. Prior to trial, the deputy district attorney offered to accept probation with one year in the county jail if Bailey pleaded guilty. Bailey indicated a willingness to plead guilty under these conditions. However, the deputy district attorney insisted he would only agree if Bailey's codefendant also pleaded guilty. Since the latter refused to do so, Bailey had no realistic choice but to go to trial.

According to the probation report, Bailey, a 21-year-old former member of the United States Marine Corps, had no prior criminal record. He quickly admitted his culpability and displayed remorse for his actions. When released from custody following the trial, he returned to his home state of Texas, began working for an electrical company and was a model employee. He served 197 days in county jail awaiting trial and by now has completed almost half of the probationary term.

At sentencing, on December 16, 1994, the trial court, while not striking the gun enhancement, granted probation notwithstanding Bailey's statutory

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

probation ineligibility. The same day, the district attorney filed a notice of appeal, "from the portion of the trial court's judgment of December 16, 1994, in which the [trial judge] disregarded his duty to follow controlling appellate court precedent . . . purporting to exercise discretion (1) to grant probation in a case where defendant was found guilty of robbery with the use of a gun; and (2) to strike a Penal Code section 12022.5, subdivision (a), sentence enhancement (for a personal use of a firearm)—despite the People's express objections and perspicuous, well-established legislative and California Supreme Court authority which teach that trial courts have no discretion (1) to grant probation where defendant is found guilty of robbery and a personal firearm use is found to be true . . . . [¶] This appeal is taken pursuant to the authorization of Penal Code section 1238, subdivision (a)(10), as [the trial judge's] sentence was manifestly unlawful."

On May 30, 1995, the district attorney filed the appellant's opening brief and "REQUEST TO CONSTRUE THE APPEAL AS A PETITION FOR A WRIT OF MANDATE." Bailey filed a motion to strike the opening brief and to deny the petition. We denied Bailey's motion to strike and reserved ruling on his motion to deny the petition, and on the district attorney's request to construe the appeal as a petition for writ of mandate.

## DISCUSSION

■ The People purport to appeal from two orders: (1) an order granting probation, and (2) an order striking the gun use allegation. Because the trial court did not strike the gun use allegation, we must decide if the People may appeal from the trial court's grant of probation.

■ The People have no right of appeal except as provided by statute. (*People* v. *Smith* (1983) 33 Cal.3d 596, 600 [189 Cal.Rptr. 862, 659 P.2d 1152]; *People* v. *Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622].) "The restriction on the People's right to appeal is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials." (*People* v. *Superior Court* (*Howard*) (1968) 69 Cal.2d 491, 498 [72 Cal.Rptr. 330, 446 P.2d 138].) With these principles in mind, we review the applicable statute.

■ Section 1238 specifies the judgments and orders of a superior court from which the People may appeal. Under former section 1238, the People could appeal from an erroneous grant of probation to an ineligible defendant either as an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed (*People* v. *Villegas* (1971) 14

Cal.App.3d 700, 703 [92 Cal.Rptr. 663]; *People* v. *Thatcher* (1967) 255 Cal.App.2d 830, 831-832 [63 Cal.Rptr. 492]; *People* v. *Orrante* (1962) 201 Cal.App.2d 553, 558 [20 Cal.Rptr. 480]), or as an order made after judgment, affecting the substantial rights of the People. (*People* v. *Warner* (1978) 20 Cal.3d 678, 682, fn. 1 [143 Cal.Rptr. 885, 574 P.2d 1237].)

In 1986, the Legislature amended section 1238 and added subdivision (d) (Stats. 1986, ch. 59, § 1, pp. 169-170) which provides: "Nothing contained in this section shall be construed to authorize an appeal from an order granting probation. Instead, the people may seek appellate review of any grant of probation, whether or not the court imposed sentence, by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted. The review of any grant of probation shall include review of any order underlying the grant of probation."

■ Where statutory language is clear and unambiguous, courts should not indulge in statutory construction. (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) ■ By enacting section 1238, subdivision (d), using language as clear and unambiguous as is ever encountered in statutes, the Legislature divested the People of the right to appeal an order granting probation and limited appellate jurisdiction over such orders to the more expedited writ review. (See Stats. 1988, ch. 528, § 1, p. 1964.)

Sound public policy also supports this conclusion. The Legislature undoubtedly sought to avoid the very situation presented here. In the words of the district attorney, "perspicuous" (we would have said clear) statutory and case law mandate a prison sentence under the circumstances of this case. Yet, Bailey has now completed almost half the probationary term. The inherent unfairness, which would result in Bailey successfully serving a substantial part of the probationary period but receiving no credit toward a prison sentence, could have been avoided had the People sought timely writ review. The writ requirement avoids the dilemma which confronted the Supreme Court in *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328].

Two other cases merit discussion on this issue. In *People* v. *Vessell* (1995) 36 Cal.App.4th 285 [42 Cal.Rptr.2d 241], the defendant challenged the People's right to appeal a trial court's order which reduced a felony to a misdemeanor, pursuant to section 17 subdivision (b), and granted probation, thereby avoiding a sentence under the three strikes sentencing scheme. (§ 667, subds. (b)-(i).) The appellate court did not analyze the competing subdivisions of section 1238 and made no reference to subdivision (d), but

nevertheless concluded, section 1238, subdivision (a)(10)[2] authorized the People's appeal because "the appeal [was] based not on the sentence of probation itself but on the trial court's failure to apply section 667 . . . ." (36 Cal.App.4th at p. 289.)

We decline to follow *Vessell* for two reasons. First, the absence of any discussion of subdivision (d) seems to indicate the issue was not fully considered by the court. Second, this interpretation of section 1238 effectively gives the People an appellate remedy expressly precluded by the Legislature which completely vitiates subdivision (d). While there is superficial appeal to finding that a grant of probation which has the effect of avoiding punishment under the three strikes law is an unlawful sentence, the remainder of subdivision (a)(10) references the court's choice of terms under the determinate sentencing law. This indicates that the trigger for the application of subdivision (a)(10) is the imposition, or suspension of execution of, a state prison term. Here, the court granted probation with credit for time served in county jail.

The second case arguably contrary to our interpretation of section 1238, subdivision (d) is *People* v. *Welch* (1993) 5 Cal.4th 228 [19 Cal.Rptr.2d 520, 851 P.2d 802]. *Welch* held that a defendant's failure to object and make an offer of proof at the sentencing hearing concerning probation conditions waives the claim on appeal. (*Id.* at p. 235.) But in dictum, *Welch* noted, "The defendant and the People may seek review of an order or judgment granting probation." (*Id.* at p. 234.) The court cited sections 1237, subdivision (a), and 1238, subdivisions (a)(5) and (d) and a pre-1986 case, *People* v. *Warner*, *supra*, 20 Cal.3d 678.

Section 1237, governs the defendant's right to appeal in criminal cases. Subdivision (a) of that section specifically provides for the right of a criminal defendant to appeal from "a final judgment of conviction," including "an order granting probation." Section 1238 does not contain similar language authorizing the People's appeal from an order granting probation and the 1986 amendment adding subdivision (d) ("Nothing contained in this section shall be construed to authorize an appeal") precludes any interpretation which would grant the People the right to appeal under the other subdivisions. We are not bound by the dictum in *Welch*. ■ Decisions of our Supreme Court are not controlling authority for propositions not considered by them. (*People* v. *Banks* (1993) 6 Cal.4th 926, 945 [25 Cal.Rptr.2d

---

[2]Section 1238, subdivision (a)(10) provides that the People may appeal from "an unlawful sentence, whether or not the court suspends the execution of the sentence . . . ." An " 'unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction." (*Ibid.*)

524, 863 P.2d 769]; *People* v. *Saunders* (1993) 5 Cal.4th 580, 592, fn. 8 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; *People* v. *Superior Court (Marks)* (1991) 1 Cal.4th 56, 65-66 [2 Cal.Rptr.2d 389, 820 P.2d 613]; *People* v. *Harris* (1989) 47 Cal.3d 1047, 1071 [255 Cal.Rptr. 352, 767 P.2d 619]; *People* v. *Toro* (1989) 47 Cal.3d 966, 978, fn. 7 [254 Cal.Rptr. 811, 766 P.2d 577]; *People* v. *Gilbert* (1969) 1 Cal.3d 475, 482, fn. 7 [82 Cal.Rptr. 724, 462 P.2d 580].)

■ Section 1238, subdivision (d) unambiguously precludes appellate review of an order granting probation and the People's remedy is to seek review by writ. The district attorney requested this court to construe the People's opening brief as a petition for writ of mandate. To grant this request would be an idle act since we would have to deny the petition as untimely. The brief was filed three months beyond the 60-day time limit of section 1238, subdivision (d).

## DISPOSITION

Defendant's motion to dismiss the appeal is granted. The district attorney's alternative petition for writ of mandate is dismissed as untimely.

Sills, P. J., and Wallin, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 28, 1996.