[No. H014227. Sixth Dist. Dec. 6, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
FRANK H. CARRANZA, Defendant and Respondent.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, John H. Deist, Peggy Ruffra and Gerald A. Engler, Deputy Attorneys General, for Plaintiff and Appellant.

Deanna F. Lamb, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**ELIA, J.**—The People appeal from an order of the superior court reducing a charge of violating Penal Code section 290, subdivision (g)(2) to a misdemeanor pursuant to Penal Code section 17. We affirm.

By a complaint filed on April 3, 1995, respondent was charged with one felony count of violating Penal Code section 290 subdivision (g)(2) (failing to register a change of address by a sex offender convicted of a forcible sex offense). Following a preliminary examination, an information was filed alleging this violation, that respondent had previously been convicted of rape, a prior "strike" under Penal Code sections 667, subdivisions (b) through (i) and 1170.12, and that respondent had served a prior prison term for rape within the meaning of Penal Code section 667.5, subdivision (b). On

June 5, 1995, the trial court reduced the charge to a misdemeanor pursuant to Penal Code section 17. Respondent was sentenced to one year in the county jail with probation to terminate upon release from county jail.[1]

Appellant defines the "key issue" in this case as "whether [Penal Code] section 290, subdivision (g)(2), defines an offense which is exclusively a felony, or one which may alternatively be punished as either a felony or a misdemeanor."

In 1982, respondent was convicted of violating Penal Code section 261 (rape). Although he had been arrested for violating Penal Code section 647, subdivision (f) (drunk in public) since then, he had, at the time of his sentencing, suffered no convictions. He had registered as a sex offender in Milpitas, San Jose, Sunnyvale and Santa Clara. He lived on Haig street in Santa Clara with his brothers for four or five years until, in December of 1994, they all moved out. At respondent's preliminary examination, his brother testified that respondent then moved in with his parents in Sunnyvale and at times lived in homeless shelters. From the time of the move at the end of 1994 until February of 1995 respondent had no permanent address. On February 14, 1995, a Santa Clara police officer spoke to respondent's brother at his mother's house and left his business card. After making telephone contact, respondent met with the officer on February 16. He explained to the officer that he thought his registration requirement lasted only during the period of parole. During the interview, respondent registered as a transient, since changes in the law now allowed such registration.

When respondent appeared in a superior court trial department charged with a felony violation of Penal Code section 290, subdivision (g), the court noted that because of respondent's prior "strike" a felony conviction for this offense would cause respondent to be ineligible for probation and mandate a minimum state prison term of 32 months and a maximum of 6 years. The court said "Now, it's the court's view that a period of approximately 26 days wherein you haven't registered and because of other factors, including those that you are a transient, would not in my view, and based upon my experience, really provide you equal protection of the law because historically, again, this was always a misdemeanor, it only became a felony on January 1, on that date in fact you were in custody, when you were released it's basically then alleged that you didn't register within a period of 26 days, and it's my view that that type of conduct, albeit now it is a felony and albeit now you come under the three strike legislation under the law, still the court does not feel that is the type of conduct that would warrant a mandatory prison commitment. [¶] Now, based upon those facts, I've indicated to your

---

[1] A notice regarding parole screening noted a scheduled release date of October 18, 1995.

attorney that I would be willing to exercise my discretion based upon the reasons I've already stated on the record and reduce this offense from a felony to a misdemeanor if in fact you were to plead guilty to the misdemeanor and accept a one-year term in county jail."

On appeal, the People object to the trial court's reduction of the offense from a felony to a misdemeanor. The People sought a writ of mandamus pursuant to Penal Code section 1238, subdivision (d). We summarily denied that petition on August 4, 1995. The People filed their opening brief on September 28, 1995, and respondent filed a motion to dismiss the appeal October 27, 1995. Ruling on that motion was deferred pending briefing on the case. Respondent argues that the People have no right to appeal following a grant of probation and the pursuit of a petition for writ of mandate is their sole remedy. The People request that should this court conclude that an appeal is an improper remedy, we should treat this appeal as a petition for writ of mandamus.[2]

Penal Code section 1238 provides: "(a) An appeal may be taken by the people from any of the following: . . . [¶] (8) An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy. . . . (10) The imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence . . . ."

In *People* v. *Trausch* (1995) 36 Cal.App.4th 1239 [42 Cal.Rptr.2d 836], the People appealed the trial court's reduction of a second degree commercial burglary to a misdemeanor through the imposition of a county jail sentence. The People had objected in the trial court to this reduction. Defendant raised the issue of whether the People had the right to appeal from the imposition of the sentence, noting that the right of the People to appeal is limited only to those situations listed in Penal Code section 1238. The People argued that its appeal was from an unlawful sentence which is recognized as an appealable ground in section 1238, subdivision (a)(10). We agree with the *Trausch* court that a claim of unlawful sentence falls within the scope of the right to appeal.

Respondent argues that the People have waived any error and are estopped from challenging the order which was a result of their agreement. Before reducing the charge, the trial court told respondent, "I've discussed [the

---

[2]We are aware of the recent case of *People* v. *Bailey* (1996) 45 Cal.App.4th 926 [53 Cal.Rptr.2d 198] (review den. Aug. 28, 1996). *Bailey* is distinguishable because, in this case, the People did file a timely writ petition which was summarily denied. A possible basis for the denial was the presence of an adequate appellate remedy, as the petition for review in *Bailey* had not yet been granted or denied.

case] at some length with your attorney and with the district attorney . . . ." When the trial court outlined the disposition, including the reduction of the charge to a misdemeanor, the prosecuting attorney spoke to the court but did not object to the disposition. She said "Your Honor, I would caution the court and counsel and defendant that if he—when he gets out of jail and he remains transient, he still has a duty to register. And I would not want him to think that when he gets out just because he's living on the streets that he does not have a duty." During the court's voir dire of respondent, the prosecutor agreed there was a factual basis for the plea and, after the plea, reminded respondent that his registration obligation was a lifetime one. She waived referral of the matter to the probation department and submitted the sentencing without argument. The clerk's minutes of the proceedings indicate that "Counsel concur" in the plea.[3]

Respondent argues that estoppel should apply when the People have acquiesced to a sentence. In support of his position, respondent cites *People* v. *Beebe* (1989) 216 Cal.App.3d 927, 932-935 [265 Cal.Rptr. 242] (defendant was estopped from withdrawing from plea bargain where "straight" felony would be reduced to misdemeanor), *People* v. *Ellis* (1987) 195 Cal.App.3d 334 [240 Cal.Rptr. 708] (although prior felony not a serious one as a matter of law, defendant estopped by admission from so asserting), *In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625] (defendant estopped from attacking probation revocation beyond probationary term), and *People* v. *Jones* (1989) 210 Cal.App.3d 124, 134 [258 Cal.Rptr. 294] (defendant was estopped from arguing improper dual imposition of enhancement). Each case applies estoppel to bar a later remedy to correct an illegal sentence to which the parties agreed at the time of plea. Appellant does not distinguish or discuss these cases, but, as respondent anticipated, cites *People* v. *Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040]. *Scott* reversed long-standing precedent and sided with a minority view that the waiver doctrine applies to claims involving sentencing error. *Scott* noted that claims involving "unauthorized" sentences can be raised at any time. "[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. [Citations.] . . . [¶] Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. . . . [¶] In essence, claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Scott, supra,* 9 Cal.4th at p. 354.)

Thus, whether the People are estopped from pursuing this appeal depends on whether the sentence imposed was "unlawful." Penal Code section 1238,

---

[3]We could speculate that there was no objection from the trial deputy because she read the statute as defining an alternative felony/misdemeanor.

subdivision (a)(10), states "[an] 'unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction."

The People argue that Penal Code section 290, subdivision (g)(2), is exclusively a felony, therefore the court could not reduce it to a misdemeanor and therefore the county jail sentence imposed is an unauthorized sentence. Respondent argues that the wording of Penal Code section 290, subdivision (g)(2), defines an offense which, under Penal Code section 17, may be a misdemeanor. The resolution of this issue requires that we examine these two Penal Code sections.

Penal Code section 17 provides: "(a) A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions. [¶] (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison. . . ."

Effective January 1, 1995, Penal Code section 290, subdivision (g) provides: "(g)(1) Any person who is required to register under this section based on a misdemeanor conviction who willfully violates this section is guilty of a misdemeanor punishable by imprisonment in a county jail not exceeding one year. [¶] (2) Notwithstanding paragraph (1), any person who has been convicted of assault with intent to commit rape, oral copulation, or sodomy under Section 220, any violation of Section 264.1 or 289 under Section 220, any violation of Section 261, any offense defined in paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to state prison, any violation of Section 264.1, 286, 288, 288a, 288.5, or 289, . . . and who is required to register under this section who willfully violates this section is guilty of *a felony punishable by imprisonment in the state prison for 16 months, or two or three years.* [¶] (3) Any person required to register under this section based on a felony conviction who willfully violates this section or who has a prior conviction for the offense of failing to register under this section and who subsequently and willfully commits that offense is, upon each subsequent conviction, guilty of a felony and shall be punished by imprisonment in the state prison for 16 months or two or three years. [¶] *A person punished pursuant to this paragraph or paragraph (2) shall be sentenced to serve a term of not less than 90 days nor more than one year in a county jail.* In no event does the court

have the power to absolve a person who willfully violates this section from the obligation of spending at least 90 days of confinement in a county jail and of completing probation of at least one year. [¶] *If the person has been sentenced to a term of imprisonment in the state prison, the penalty described in this paragraph shall apply whether or not the person has been released on parole or has been discharged from parole.* [¶] (4) If, after discharge from parole, the person is convicted of a felony as specified in this subdivision, he or she shall be required to complete parole of at least one year, in addition to any other punishment imposed under this subdivision. A person convicted of a felony as specified in this subdivision may be granted probation only in the unusual case where the interests of justice would best be served. When probation is granted under this paragraph, the court shall specify on the record and shall enter into the minutes the circumstances indicating that the interests of justice would best be served by the disposition." (Italics added.)

Appellant argues that the italicized portion of Penal Code section 290, subdivision (g)(2) provides only for a state prison sentence, not an alternative prison/county jail sentence and thus the crime is not subject to a section 17 reduction to a misdemeanor. The People assert that the italicized language in subdivision (g)(3) does not confer upon the trial court the discretion to impose either a prison sentence or a county jail sentence. The most reasonable interpretation of the statute, the People submit, is that the Legislature intended that a conviction is a felony for all purposes, but that if the court finds the case to be an unusual one warranting probation it must condition the probation on a jail sentence of at least 90 days. Respondent argues that the statute read as a whole gives a sentencing court the option of sentencing the defendant to county jail or state prison, which, under section 17, makes the offense a "wobbler."[4] As noted above, Penal Code section 17 defines an offense as a felony or a misdemeanor based on the punishment authorized in the statute.

The legislative history of Penal Code section 290, subdivision (g)(2), reveals that the amendment to section 290 was part of Assembly Bill No. 2500, (1993-1994 Reg. Sess.) the Child Protective Act of 1994.[5] We examine the amendment to Penal Code section 290 to determine whether the

---

[4] A "wobbler" is an offense which can be a felony or a misdemeanor.

[5] Assembly Bill No. 2500 contained double-joinder language. The double joinder of Assembly Bill No. 3456, Assembly Bill No. 1211, Assembly Bill No. 3513 and Assembly Bill No. 2500 was to coordinate the enactment of the amendments to Penal Code section 290. Section 4.5, subdivision (a) states that various sections of the bill incorporate "amendments to Section 290 of the Penal Code proposed by both this bill and AB 1211. It shall only become operative if (1) both bills are enacted and become effective on January 1, 1995, (2) each bill amends Section 290 of the Penal Code, (3) AB 3456 and AB 3513 are not enacted or as enacted do

Legislature intended to transform a violation from a misdemeanor to a non-alternative felony. ▋ As noted in *Trausch*, " 'The Legislature is deemed to be aware of existing laws when it passes a statute, and to have enacted the new statute in light thereof. (*People* v. *Hernandez* [1988] 46 Cal.3d [194] at p. 201 . . . ; *Estate of McDill* (1975) 14 Cal.3d 831, 837 . . . .)' (*People* v. *Bryant* (1992) 10 Cal.App.4th 1584, 1602 . . . .)" (36 Cal.App.4th at p. 1246.) We harmonize the statute with the body of law of which it forms a part. (*People* v. *Pappalardo* (1993) 12 Cal.App.4th 1723, 1729 [16 Cal.Rptr.2d 512].)

The Legislative Counsel's Digest describes the bill as providing that "a violation of these provisions regarding registration of sex offenders shall be a misdemeanor or felony, depending upon the number of prior convictions." (Assem. Bill No. 2500 (1993-1994 Reg. Sess., § 2).) Prior to this 1995 amendment to Penal Code section 290, failing to register as a sex offender was exclusively a misdemeanor. A defendant who violated section 290 and who had been convicted of certain specified sex offenses was required to serve a minimum sentence of 90 days in the county jail.[6] The original version of, and several subsequent amendments to, Assembly Bill No. 2500 did not contain any amendment to section 290 changing the failure to register as a sex offender from a misdemeanor to a felony. A modification on August 26, 1994, Senate amendment to section 2.7 of Assembly Bill No. 2500, provided for misdemeanor punishment for the first offense of failing to register with persons who repeat the failure to register being punished by either a term in county jail or state prison. The August 26 amendment to Assembly Bill No. 2500 stated that the offense could be punished either by imprisonment or a county jail term. An August 29 amendment stated that the offense was a felony punishable by imprisonment and separated the county jail alternative by inserting it in the second paragraph of subdivision (g)(3). The August 29 amendment also added subdivision (g)(4), providing that a person convicted of a felony in the subdivision may be granted probation only in the unusual case where the interests of justice would best be served.

As of August 26, discussions concerning the proposed change in Penal code section 290 included the question of whether "the penalty for failure to register as a sex offender be increased from a misdemeanor to an alternate felony/misdemeanor, except as otherwise specified?" (Sen. Judiciary Com., Analysis of Assem. Bill No. 1211 (1993-1994 Reg. Sess.) June 28, 1994.) The expressed need for the change was to motivate those subject to registration requirements to comply, and stimulate the prosecution of offenders

---

not amend that section, and (4) this bill is enacted after AB 1211, in which case Sections 2, 2.2, 2.3, 2.4, 2.5, 2.6, and 2.7 of this bill shall not become operative." (Assem. Bill No. 1200 (1993-1994 Reg. Sess.) § 4.5.)

[6]The convictions triggering the 90-day minimum sentence were assault with intent to commit rape, oral copulation, or sodomy, or any violation of section 261, 264.1, 286, 288, 288a, or 289.

(Sen. Analysis of Assem. Bill No. 1211 (1993-1994 Reg. Sess.) Aug. 12, 1994 [stating that since registration violations are only a misdemeanor, most of those required to register neglect to do so and district attorneys generally failed to file a complaint]). ▆▆▆ Thus, the motivation for the change appears to have been to increase registration and promote the prosecution of offenders, rather than limit a sentencing judge's discretion. The Legislative Counsel's Digest description of the change as providing for an alternative felony/misdemeanor did not change though several iterations of subdivision (g) followed. The final version of the statute separated the county jail alternative so that it was not in as close proximity to subdivision (g)(2) as it was in an earlier version of Assembly Bill No. 2500. However, there was no clear statement of intent to create a non-alternative felony.

We assume that the Legislature knew the definition of felony and misdemeanor in Penal Code section 17 at the time this statute was redrafted. Because the Legislature included an alternative sentence of no more than one year in the county jail, the offense is an alternative felony/misdemeanor. Because we conclude that Penal Code section 290, subdivision (g)(2) defines an alternative felony/misdemeanor offense, we find that the county jail sentence imposed was an authorized sentence. Because there was no objection by the People, we hold that the People have waived any claim of error on appeal.

Appellant contends that this offense comes within the sentencing scheme of Penal Code section 1170.12 and deprives the trial court of authority to entertain a motion pursuant to Penal Code section 17 to reduce the felony charge to a misdemeanor. We agree with the reasoning of *People* v. *Vessell* (1995) 36 Cal.App.4th 285 [42 Cal.Rptr.2d 241] and *People* v. *Trausch*, *supra*, 36 Cal.App.4th 1239 that the trial court's authority to exercise discretion under Penal Code section 17 has not been abrogated by the three strikes law.

Accordingly, the judgment is affirmed.

Premo, Acting P. J., and Wunderlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 12, 1997. Kennard, J., was of the opinion that the petition should be granted.