Opinion
 

 BROWN, J.
 

 Two provisions of the Penal Code—sections 1202.4 and 1202.45
 
 [1]
 
 —require trial courts to impose a restitution fine as part of the judgment of conviction entered against a criminal defendant and, in cases
 
 *302
 
 where parole is granted, an additional fine in the same amount suspended unless parole is later revoked. The restitution fine under section 1202.4 is mandatory unless the sentencing court, in the words of the statute, “finds compelling and extraordinary reasons for not doing so, and- states those reasons on the record.” (§ 1202.4, subd. (b).) In cases in which the court imposes a restitution fine, imposition of a parole revocation fine is also mandatory. (§ 1202.45.)
 

 At times, sentencing courts have failed to discharge the duty imposed by these statutes, omitting the fines from judgments of conviction without making the required finding on the record. In several such cases, the People have sought to have the omission supplied while the case was on appeal, asking the Court of Appeal to amend the trial court’s judgment to add the fines. The fate of these requests has not been uniform, with appellate courts variously granting and denying them. In some cases, the Court of Appeal has rejected the People’s request on the ground the statutory obligation is one imposed on the trial court and is not the responsibility of the appellate court. In others, including the one before us here, the appellate court has taken the opposite tack. These courts reason that remanding the case to the trial court to add the fines is uneconomical, and hold the Courts of Appeal possess jurisdiction to amend the judgment by incorporating them. That is what the Court of Appeal did here, amending the judgment to add restitution fines of $200, the minimum permitted by the statutes. (See § 1202.4, subd. (b)(1).)
 

 Neither of these differing views is without merit. However, recent precedents of this court lead us to conclude the waiver doctrine bars the People from obtaining the relief they seek on appeal. Our most recent opinion applying the waiver doctrine to a sentencing issue is
 
 People v. Scott
 
 (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040], There, “[f]aced squarely with the issue for the first time,” we held the doctrine “should apply to claims involving the trial court’s failure to properly make or articulate its discretionary sentencing choices.”
 
 (Id.
 
 at p. 353.) The opinion in
 
 Scott
 
 relied in turn on
 
 People
 
 v.
 
 Welch
 
 (1993) 5 Cal.4th 228 [19 Cal.Rptr.2d 520, 851 P.2d 802], another sentencing case. In
 
 Welch,
 
 we enforced “[traditional objection and waiver principles” against a defendant who sought for the first time on appeal to litigate the reasonableness of the conditions of probation imposed by the trial court.
 
 (Id.
 
 at p. 236.) We reasoned that waiver principles “encourage development of the record and a proper exercise of discretion in
 
 *303
 
 the trial court,” as well as helping to “discourage . . . invalid probation conditions and reduce the number of costly appeals brought on that basis.”
 
 (Id.
 
 at pp. 236, 235; cf.
 
 People v. Walker
 
 (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861].)
 

 Both
 
 Scott
 
 and
 
 Welch
 
 involved criminal
 
 defendants
 
 who sought correction of alleged sentencing errors on appeal after having failed to object in the trial court; here, of course, the party seeking to have the sentence modified on appeal is the People, acting through the Attorney General. We see no material difference in that circumstance, however. Animating the result in
 
 Scott
 
 was the following “practical and straightforward” reasoning: “Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing.
 
 Routine defects in the court’s statement of reasons are easily prevented and corrected if called to the court’s attention.
 
 As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them.”
 
 (People
 
 v.
 
 Scott, supra,
 
 9 Cal.4th at p. 353, italics added.)
 

 The same rationale applies in this case. The trial court here failed to state on the record its reasons for not imposing the restitution fines; the
 
 Scott
 
 trial court failed to state on the record its reasons for making a discretionary sentencing choice, a finding required by section 1170. In
 
 Scott,
 
 we held the defendant’s objection to the trial court’s omission had been waived by the failure to make it at the time of sentencing. Here, we conclude the People’s failure to object leads to the same result.
 

 The judgment of the Court of Appeal is reversed.
 

 George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.
 

 [1]
 

 Statutory citations are to the Penal Code. As pertinent here, subdivision (b) of section 1202.4 provides: “In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.” Section 1202.45 provides: “In every case where a person is convicted of a crime and whose sentence includes a period of parole,
 
 *302
 
 the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person’s parole is revoked.”