106 Cal.Rptr.2d 686 (2001)
88 Cal.App.4th 1181
The PEOPLE, Plaintiff and Appellant,
v.
Russell Hubert STATUM, Defendant and Respondent.
No. B142079.
Court of Appeal, Second District, Division Five.
April 12, 2001.
As Modified May 8, 2001.
Rehearing Granted July 25, 2001.
*687 Gil Garcetti, District Attorney of Los Angeles County, Patrick D. Moran and Phyllis C. Asayama, Deputy District Attorneys, for Plaintiff and Appellant.
R. Charles Johnson, Petaluma, for Defendant and Respondent.
ARMSTRONG, J.
Russell Statum pled guilty to a violation of Vehicle Code section 2800.2, subdivision (a), as a felony, and admitted six prior serious or violent felony convictions within the meaning of Penal Code sections 667, subdivisions (b) through (i) and 1170.12 (the "three strikes" law). The trial court reduced Statum's conviction to a misdemeanor and sentenced him to one year in county jail.
The People of the State of California appeal from the sentence imposed by the trial court, contending that the court abused its discretion in reducing the conviction to a misdemeanor. We dismiss the appeal.[1]

Facts
In an information filed October 28, 1999, Statum was charged with a felony violation of Vehicle Code section 2800.2, subdivision (a). The information alleged that Statum had suffered six prior strike convictions.
On March 23, 2000, Statum pled guilty and admitted the prior conviction allegations. The trial court indicated that it was considering striking five of the six prior convictions and sentencing Statum to eight years in prison. The district attorney objected to that sentence.
On April 11, 2000, after further consideration, the court indicated that it was considering reducing Statum's violation to a misdemeanor. The district attorney again objected. The trial court indicated that it did not believe that the facts in the preliminary hearing transcript supported sentencing Statum's violation as a felony. The matter was continued.
On April 27, 2000, the prosecutor stated his belief that the facts in the preliminary hearing transcript showed a felony violation of Vehicle Code section 2800.2. The trial court sentenced respondent to 365 days in county jail.

Discussion
In a criminal case, the People have no right of appeal except as specifically provided by statute. (People v. Smith (1983) 33 Cal.3d 596, 600, 189 Cal. Rptr. 862, 659 P.2d 1152.) The People contend that the trial court's order sentencing respondent's violation of Vehicle Code section 2800.2 as a misdemeanor is appealable pursuant to Penal Code section 1238, subdivision (a)(10). We cannot agree.
Subdivision (a)(10) provides that the People may appeal from the "imposition of an unlawful sentence." That subdivision provides: "As used in this paragraph, `unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction."
"[A] sentence is generally `unauthorized' where it could not lawfully be *688 imposed under any circumstance in the particular case." (People v. Scott (1994) 9 Cal.4th 331, 354, 36 Cal.Rptr.2d 627, 885 P.2d 1040.) A legally unauthorized sentence presents "`pure questions of law'" and is "`"clear and correctable" independent of any factual issues presented by the record at sentencing.'" (People v. Smith (2001) 24 Cal.4th 849, 852, 102 Cal.Rptr.2d 731, 14 P.3d 942.) For example, "a trial court has no choice and must impose a parole revocation fine equal to the restitution fine when the [defendant's] `sentence includes a period of parole.'" (Id. at p. 853, 102 Cal.Rptr.2d 731, 14 P.3d 942.) The trial court's failure to impose a parole revocation fine under such circumstances is therefore an unauthorized sentence. (Ibid.) In contrast, a trial court has discretion not to impose a restitution fine if it finds "compelling and extraordinary reasons" for omitting the fine. (Pen. Code, § 1202.4, subd. (b).) When a trial court omits a restitution fine without giving proper reasons for doing so, the court's "`failure to properly make or articulate its discretionary sentencing choices'" does not result in an unauthorized sentence. (People v. Tillman (2000) 22 Cal.4th 300, 302, 92 Cal.Rptr.2d 741, 992 P.2d 1109.)
Here, the People do not and cannot claim that a misdemeanor sentence is never authorized for a violation of Vehicle Code section 2800.2, subdivision (a) or that a trial court's order sentencing a wobbler as a misdemeanor is always unlawful when the defendant has suffered prior serious or violent felony convictions within the meaning of the three strikes law. Vehicle Code section 2800.2, subdivision (a) provides in pertinent part: "If a person flees or attempts to elude a pursuing peace officer in violation of section 2800.1 and the pursued vehicle is driven in a willful and wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year." Thus, section 2800.2 is by its express terms a "wobbler." The trial court had discretion under this statute and in accordance with the procedures outlined in Penal Code section 17(b) to sentence a violation of this statute as either a felony or a misdemeanor. This discretion exists even when the defendant has prior felony convictions within the meaning of the three strikes law. (People v. Superior Court (Alvarez) (1997) 14 Cal.4th 968, 977, 60 Cal.Rptr.2d 93, 928 P.2d 1171.)
Rather, the People contend that the trial court "refused" to consider all relevant factors, including respondent's extensive criminal history, in determining respondent's sentence. This, however, is simply a claim that the trial court abused its discretion in sentencing respondent's Vehicle Code violation as a misdemeanor under the facts of this case. It does not present a pure question of law. As our Supreme Court explained in Tillman, a trial court's failure to properly make its discretionary sentencing choices does not result in an unauthorized sentence. (People v. Tillman, supra, 22 Cal.4th at p. 302, 92 Cal. Rptr.2d 741, 992 P.2d 1109.)
The People rely on People v. Trausch (1995) 36 Cal.App.4th 1239, 42 Cal.Rptr.2d 836, People v. Vessell (1995) 36 Cal.App.4th 285, 42 Cal.Rptr.2d 241 and People v. Douglas (1999) 20 Cal.4th 85, 82 Cal. Rptr.2d 816, 972 P.2d 151 to support their claim that an order reducing a wobbler to a misdemeanor is appealable under Penal Code section 1238, subdivision (a)(10). This reliance is misplaced. In Trausch and Vessel, the People claimed the three strikes law prevented a trial court from sentencing wobblers as misdemeanors when a defendant had suffered prior felony *689 convictions triggering the three strikes law. (People v. Vessell, supra, 36 Cal. App.4th at p. 289, 42 Cal.Rptr.2d 241; People v. Trausch, supra, 36 Cal.App.4th at p. 1244, 42 Cal.Rptr.2d 836.) Thus, in both of those cases, the People claimed that the misdemeanor sentence was unlawful. Our Supreme Court has since decided that such sentencing is lawful. (People v. Superior Court (Alvarez), supra, 14 Cal.4th at p. 977, 60 Cal.Rptr.2d 93, 928 P.2d 1171.) In Douglas, the Court stated that the reduction of a wobbler was appealable under Penal Code section 1238, subdivision (a)(10) when the claim on appeal was the "imposition of an assertedly unlawful sentence," and cited People v. Trausch, People v. Vessell, and People v. Carranza (1996) 51 Cal.App.4th 528, 59 Cal.Rptr.2d 134. In Carranza, the People claimed that a recent amendment to Penal Code section 290 changed a violation of section 290, subdivision (g)(2) from a wobbler to felony, and so the court's misdemeanor sentence for a violation of subdivision (g)(2) was an unlawful sentence. (People v. Carranza, supra, 51 Cal.App.4th at pp. 530-531, 59 Cal.Rptr.2d 134.)

Disposition
The appeal is dismissed.
TURNER, P.J., and GRIGNON, J, concur.
NOTES
[1] At our request, the parties filed supplemental letter briefs on the issue of appealability of the court's order.