Filed 1/8/15  P. v. Hedrick CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C076410 |
| Plaintiff and Respondent, | (Super. Ct. No. SF126442A) |
| v. | |
| CHARLES HEDRICK, | |
| Defendant and Appellant. | |

Defendant Charles Hedrick pled guilty to corporal injury on a spouse or cohabitant and admitted a prior strike allegation.  The court sentenced him to four years in prison and orally pronounced a $200 parole revocation fine (Pen. Code,[1] § 1202.45).  The abstract of judgment, however, included, a $300 restitution fine (§ 1202.4, subd. (b)); a $30 administrative surcharge for collection of the restitution fine; a $300 parole

---

[1]     Further section references are to this code unless otherwise indicated.

1

revocation fine (§ 12024.45); a $40 court operations assessment (§ 1465.8, subd. (a)(1)); and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)).

On appeal, defendant contends we should: (1) delete the restitution fine because the court did not orally impose it; (2) reduce the parole revocation fine to the $200 amount the court orally pronounced; and (3) delete the $30 administrative surcharge for collection of the restitution fine because the court did not orally impose it.

The People respond we should: (1) delete the restitution fine, agreeing with defendant; (2) strike the parole revocation fine because it is to be imposed in the same amount as the restitution fine, and here, no restitution fine was imposed; (3) strike the $40 court operations assessment and the $30 criminal conviction assessment because the court did not orally impose them.

This is what we are going to do:

One, we order the $300 restitution fine deleted from the abstract of judgment. The court never imposed a restitution fine, and the oral pronouncement controls over the abstract of judgment. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) Although a restitution fine is mandatory, the court can refuse to impose it for "compelling and extraordinary reasons" that it states on the record. (§ 1202.4, subd. (c); *People v. Hanson* (2000) 23 Cal.4th 355, 362.) Here, while there were no "compelling and extraordinary reasons" stated on the record, the People forfeited any objection to the statement of reasons by failing to object in the trial court. (*People v. Tillman* (2000) 22 Cal.4th 300, 303.)

Two, we order the parole revocation fine (reflected as $200 orally imposed and $300 in the abstract) stricken. The court can impose a parole revocation fine only if it imposes a restitution fine, and here, the court never orally pronounced a restitution fine, so it could not legally impose a parole revocation fine. (§ 1202.45, subd. (a).)

Three, we order the $30 administrative surcharge for the restitution fine stricken because, as we explained in "[o]ne" above, the court never orally pronounced a restitution fine, so there can be no administrative surcharge on a fine never pronounced.

Four, we let stand in the abstract of judgment the $40 court operations assessment and the $30 criminal conviction assessment.  Even though the court did not orally pronounce them, they are mandatory.  (*People v. Woods* (2010) 191 Cal.App.4th 269, 272.)

## DISPOSITION

The fines and fees are modified as stated above.  As modified, the judgment is affirmed.  We direct the trial court to prepare an amended abstract of judgment, forwarded to the Department of Corrections and Rehabilitation, that:  (1) deletes the $300 restitution fine; (2) deletes the $300 parole revocation fine; and (3) deletes the $30 administrative surcharge for the restitution fine.


      ROBIE      , Acting P. J.


We concur:


      DUARTE      , J.


      HOCH      , J.

3