Filed 9/8/21  P. v. Mercer CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B306165 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA460993) |
| v. | |
| ANTWONE HAROLD MERCER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed in part, reversed in part with directions.

Susan Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Antwone Harold Mercer appeals from a judgment following a resentencing hearing.  (*People v. Mercer* (Nov. 19, 2019, B291181) [nonpub. opn.].)  Defendant asserts: (1) the trial court erred in failing to hold a hearing on his eligibility for mental health diversion under Penal Code[1] section 1001.36; (2) his counsel provided ineffective assistance by failing to request a mental health diversion eligibility hearing; (3) his counsel provided ineffective assistance during the resentencing hearing; (4) the trial court abused its discretion by not striking a five-year sentence enhancement under section 667, subdivision (a)(1); (5) the minute order is inconsistent with the oral pronouncement of judgment; and (6) the court failed to articulate fines, fees, and assessments on the record.  We reverse and remand for the court to correct the abstract of judgment and minute order.  We otherwise affirm.

# II. BACKGROUND

A.     *Criminal Conviction and Appeal*

We provided the factual background in a prior unpublished opinion (*People v. Mercer*, *supra*, B291181) and recite the relevant facts below.

On the morning of September 12, 2017, defendant entered a store at which Francisco Mateo was working and got into an argument with him.  When Mateo saw defendant try to steal

---

[1]     Further statutory references are to the Penal Code unless otherwise indicated.

cigarettes, he demanded that defendant leave. Defendant refused and struck Mateo on the head, back, shoulder, and neck with a stick and his fists. (*People v. Mercer*, *supra*, B291181.)

Later that same day, defendant encountered Esau Montiel at a street corner. Defendant yelled at Montiel and threw a five- to seven-pound rock at him, striking him in the stomach. Defendant then hit Montiel in the head with his fists, picked up the rock again, and used it to strike Montiel on the back of his head and back. (*People v. Mercer*, *supra*, B291181.)

On March 8, 2018, a jury convicted defendant of two counts of assault with a deadly weapon (§ 245, subd. (a)(1), counts 1 and 3), one count of attempted second degree robbery (§§ 664 and 211, count 2), and one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 4). The jury found true the allegations that defendant inflicted great bodily injury in the commission of the crimes alleged in counts 1 and 4. (§ 12022.7, subd. (a).)

On July 2, 2018, the trial court held the initial sentencing hearing. It read into the record portions of a November 21, 2017, psychiatric report submitted by Dr. Jack Rothberg (Rothberg report), which detailed defendant's psychiatric history, including his history of delusions. The court observed, "I believe that defendant may be delusional but we have no evidence of a mental or physical condition that significantly reduced the culpability of the crime committed by [him]." The court then sentenced defendant to state prison for an aggregate term of 15 years, which included a five-year enhancement pursuant to section 667, subdivision (a)(1), for defendant's prior serious felony conviction for robbery (§ 211).

On July 10, 2019, defendant filed a notice of appeal from the judgment. In that earlier appeal, defendant did not challenge the trial court's failure to conduct a hearing under section 1001.36.

On September 19, 2018, following receipt of correspondence from the Department of Corrections and Rehabilitation, the trial court reduced defendant's aggregate term to 13 years.

On November 19, 2019, we reversed defendant's conviction for count 3, finding it was not supported by substantial evidence. We remanded for a full resentencing on the remaining counts, citing *People v. Navarro* (2007) 40 Cal.4th 668, 681. (*People v. Mercer*, *supra*, B291181.)

B.    *Resentencing Hearing*

On April 14, 2020, the trial court held the resentencing hearing. At the hearing, defendant, through counsel, presented evidence in mitigation, including: unofficial transcripts of classes that defendant took while in prison and the grades that he received; articles from the Valley Star newspaper that credited defendant for photographs and writing; a certificate of completion dated September 19, 2019, for a training unit on Industrial Health and Safety; a character letter from defendant's former wife; a character letter from defendant's cousin; a character letter from defendant's older sister, who was a licensed clinical psychologist; and a character letter from defendant's aunt.

Defendant's sister wrote: "While [defendant] seems to lack the insight to recognize his cognitive difficulties and neurological challenges, what he needs is psychiatric attention and not continued punishment. . . . [¶] Prior to this incarceration,

4

[defendant] was homeless for two years, self-medicating with drugs for a severe neck pain due to an injury that nearly paralyzed him; he experienced auditory and visual hallucinations that onset long before his drug use. A very unfortunate characteristic of mental illness is poor insight—he does not totally understand his deficits."

Defendant's aunt wrote: "He would eat and rest and talk to the people in his head[.] . . . [¶] My nephew . . . needs medical psychiatric help not prison especially not 10–20 years. I would like for him to get re-evaluated by a medical and psychological doctor. . . . [¶] I ask the court to please reconsider my nephew['s] case and re-evaluate his charges and mental condition. Please assign him to a medical counselor or facility that works with people with mental and behavior[al] issues."

Finally, his cousin stated in her letter: "We sincerely hope you can somehow see him for the kind, genuine and sensitive person that he is and not the illness that seems to have overcome him a couple years ago."

During the resentencing hearing, the prosecutor recommended a sentence of 14 years, which sentence included an enhancement for defendant's prior felony conviction for robbery.

Defense counsel described the letters and articles he submitted to the trial court. Regarding the five-year enhancement, counsel noted that defendant's conviction for assault with a dangerous weapon in count three had been vacated, which "change[d] the complexion of the case." Counsel also observed that the prior robbery conviction occurred when defendant was 19 years old and characterized defendant's earlier conduct as a petty theft that turned into a "scuffle" when defendant tried to leave. Counsel proffered that defendant had

complied with the terms of probation in the earlier case and paid restitution. Counsel argued that based on all these factors, the court should not impose the five-year enhancement.

Counsel also discussed defendant's mental health condition. He stated: "And, um, I think it was brought up at some point in the proceedings [defendant] suffers from some mental health conditions. I think all of that played a role in how [defendant] must have appeared to the clerk or the store when this all went down." Counsel also referred to defendant's sister who was present at the hearing: "I have his sister who's a clinical psychologist, she's just out in the hallway. If it's not apparent that there were—mental health played some kind of role in this . . . ." Although defendant's sister was prepared to testify at the resentencing hearing, after consulting with defendant, counsel stated, "[defendant] does not think it's necessary to have his sister speak."

Following argument, the trial court imposed a 13-year sentence and declined to exercise its discretion not to impose the five-year sentence enhancement under section 667, subdivision (a)(1). The court explained: "And the reason for that is because it was—this was a crime of violence. That was also a violent crime. I understand [defendant]'s current position about it, but it was a [conviction pursuant to section] 211. I did give [defendant] some benefit on the prior because it was also the subject of the strike and I struck the strike at the time of the original sentencing and—but I imposed it as a five-year prior. And I would do the same again. I'm choosing again to impose it because it is a crime of violence. In fact, it's the same class of crimes as to offenses for which he was convicted in this case."

The prosecution did not request the imposition of any fines or assessments and the trial court, without objection, did not impose any such fines or assessments. The minute order and abstract of judgment, however, reflect the imposition of a $300 restitution fine, a $300 parole revocation fine, $120 in court operations assessments, and $90 in court facility assessments.

Defendant timely appealed.

## III. DISCUSSION

A. *Mental Health Diversion*

Section 1001.36 authorizes a pretrial diversion program for defendants with qualifying mental disorders. "As originally enacted, section 1001.36 provided that a trial court may grant pretrial diversion if it finds all of the following: (1) the defendant suffers from a qualifying mental disorder; (2) the disorder played a significant role in the commission of the charged offense; (3) the defendant's symptoms will respond to mental health treatment; (4) the defendant consents to diversion and waives his or her speedy trial right; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. (Former § 1001.36, subd. (b)(1)–(6).) Section 1001.36 was subsequently amended by Senate Bill No. 215 (2017–2018 Reg. Sess.) . . . to specify that defendants charged with certain crimes, such as murder and rape, are ineligible for diversion. (§ 1001.36, subd. (b)(2), as amended by Stats. 2018, ch. 1005, § 1.)

"If the defendant makes a prima facie showing that he or she meets all of the threshold eligibility requirements and the

7

defendant and the offense are suitable for diversion, and the trial court is satisfied that the recommended program of mental health treatment will meet the specialized mental health treatment needs of the defendant, then the court may grant pretrial diversion.  (§ 1001.36, subds. (a), (b)(3) & (c)(1).)  The maximum period of diversion is two years.  (*Id*., subd. (c)(3).)  If the defendant is subsequently charged with an additional crime, or otherwise performs unsatisfactorily in the assigned program, then the court may reinstate criminal proceedings.  (*Id*., subd. (d).)  'If the defendant has performed satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion' and 'the arrest upon which the diversion was based shall be deemed never to have occurred.'  (*Id*., subd. (e).)"  (*People v. Frahs* (2020) 9 Cal.5th 618, 626–627 (*Frahs*).)

As defendant concedes, defendant did not request a hearing pursuant to section 1001.36.  Nor did defendant challenge the trial court's failure to conduct such a hearing during his first appeal of his conviction.  We conclude that defendant has thus forfeited his argument on appeal.  (*People v. Romero* (2008) 44 Cal.4th 386, 411; *People v. Senior* (1995) 33 Cal.App.4th 531, 538.)

Defendant seeks to avoid the forfeiture doctrine by suggesting that the trial court had a sua sponte duty to hold a hearing on defendant's eligibility for pretrial mental health diversion at the resentencing hearing because there was evidence that defendant had a history of mental health problems.  Defendant argues that such a duty is consistent with the Legislature's intent to apply the mental health diversion program

8

as broadly as possible. (*Frahs, supra*, 9 Cal.5th at p. 632.) We disagree. Section 1001.36, subdivision (a) provides: "On an accusatory pleading . . . , the court *may,* after considering the positions of the defense and prosecution, grant pretrial diversion to a defendant . . . ." (Italics added.) Common principles of statutory interpretation establish that, absent evidence to the contrary, the word "may" grants permissive or discretionary authority, while the word "shall" is directive or mandatory. (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1143 [the word "may" is ordinarily deemed permissive]; *Ajaxo, Inc. v. E\*Trade Financial Corp.* (2020) 48 Cal.App.5th 129, 165 [use of word "may" gave trial court discretion to award royalties, but did not require such an award]; *Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 946 [when the Legislature uses both the terms "shall" and "may" in the same statute, the word "shall" is construed as mandatory, not permissive].) We observe that the Legislature here used the word "shall" when it expressed a requirement for the court to act. For example, "[u]pon request, the court shall conduct a hearing to determine whether restitution . . . is owed to any victim as a result of the diverted offense . . ." (§ 1001.36, subd. (c)(4)) and upon satisfactory completion of diversion, "the court shall dismiss" the relevant charges (*id.*, subd. (e)). Based on our reading of the statutory text, we reject defendant's contention that the court had a sua sponte duty to conduct an eligibility hearing here.

B.    *Ineffective Assistance of Counsel for Failing to Request Mental Health Diversion*

Defendant alternatively argues that his counsel was ineffective for failing to request mental health diversion at the resentencing hearing.  According to defendant, given the record of his apparent mental health issues, "[t]here is simply no satisfactory explanation for counsel's failure to request a diversion hearing."

When challenging a conviction on grounds of ineffective assistance, "[a defendant] 'must show that counsel's performance was deficient, and that the deficiency prejudiced the defense.' [Citations.]  On direct appeal, a finding of deficient performance is warranted where '(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.' [Citation.]  '[W]here counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions.'" (*People v. Johnsen* (2021) 10 Cal.5th 1116, 1165.)

Defendant cannot demonstrate that counsel's failure to request an eligibility hearing fell below an objective standard of reasonableness.  The record in this case suggests a conceivable reason for counsel's failure to act.  For instance, counsel may have concluded that there was an insufficient factual basis to assert that any mental health disorder was a significant factor in the commission of the charged offenses.  Indeed, defendant testified:  "I try to keep them from disturbing me as much as

hallucinations and voices and things of the nature. Um, but I don't want to try to put that all sole blame on that. Um, you know, like I said in my letter, I could have walked away from both incidents and I didn't. I pursued the argument. I pursued the fight—um, the fights." Further, the trial court, during the initial sentencing hearing, had observed that in its view, there was no evidence that defendant's mental problems reduced defendant's culpability for his crimes.

Counsel also may have been apprised that defendant did not want to participate in a diversion program. The record reflects that defendant lacked insight into his mental illness and had ignored his family's advice to obtain psychological help because "he didn't trust anyone."

Finally, counsel may have concluded that defendant was ineligible for diversion because his lengthy criminal history demonstrated that he posed an unreasonable risk to public safety. Indeed, defendant had sustained a 1993 conviction for robbery, for which the court imposed a five-year sentencing enhancement; a 2000 conviction for domestic violence; a 2002 conviction for petty theft with a prior; a 2013 conviction for disturbing the peace; two convictions in 2014 for possession of controlled substances; a 2014 conviction for trespass; a 2015 conviction for shoplifting; a 2015 conviction for grand theft; a 2015 conviction for possession of a controlled substance; a 2016 conviction for use of PCP; and a 2017 conviction for trespass. We thus reject defendant's claim that counsel was ineffective in failing to request a hearing on mental health diversion.

C.    *Ineffective Assistance of Counsel at Resentencing Hearing*

Defendant next argues that his trial counsel provided ineffective assistance at his resentencing hearing by (1) purportedly submitting without argument on the application of the five-year sentencing enhancement; and (2) failing to cite to the Rothberg report[2] at the resentencing hearing.

Defendant contends that counsel submitted, without argument, to the application of the five-year sentencing enhancement and cites to just one page of the resentencing transcript, in which counsel stated, "I'll submit to the court." Defendant has failed to reference the remainder of counsel's argument at the resentencing hearing, including those we detail above in which counsel urged the court not to impose the five-year enhancement. Defendant has failed adequately to describe the record and his argument is meritless.

We also conclude that counsel was not ineffective in failing to expressly cite to the Rothberg report at the resentencing hearing. The record here suggests reasonable tactical reasons for counsel's failure to cite to the Rothberg report. Counsel may have concluded that there was little benefit to citing to a three-

---

[2]    In our December 1, 2020, order granting defendant's motion to augment the record with Rothberg's report, we noted that "[a] copy of the document attached to this Motion to Augment is in this Court's file previously under seal." We grant defendant's request for judicial notice that the Rothberg report was attached as an exhibit to defendant's "MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO CALIFORNIA PENAL CODE § 1170, SUBDIVISION (d)" and was filed, not under seal, on January 8, 2019, in the superior court.

12

year old report that the trial court had cited, at length, at the initial sentencing hearing, prior to imposing a lengthy sentence. Counsel may also have concluded that it was a better strategy to focus his arguments on the more recent letters submitted by defendant's family members, which detailed defendant's history of mental health problems. On this record, we decline to find that defense counsel acted unreasonably. (*Knowles v. Mirzayance* (2009) 556 U.S. 111, 127 ["The law does not require counsel to raise every available nonfrivolous defense"].)

D. *Five-Year Enhancement under Section 667, subdivision (a)(1)*

Defendant argues the trial court erred by not striking the five-year enhancement under section 667, subdivision (a)(1) pursuant to section 1385. We review the court's authority to strike enhancements under section 1385 for an abuse of discretion. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586–587.)

The trial court observed that the 1993 robbery was a crime of violence and similar to the crimes for which he was being sentenced. Further, the court stated that, in its view, it had exercised sufficient leniency by striking defendant's prior strike and therefore declined to also strike the sentencing enhancement under section 667, subdivision (a)(1). Finally, defendant had a lengthy criminal history. On this record, we conclude that the court did not abuse its discretion by declining to strike the enhancement. (*People v. Shaw, supra*, 56 Cal.App.5th at p. 587 ["No error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender"].)

13

E.     *Minute Order*

Defendant contends the minute order mistakenly refers to the dismissed count.  We agree.  "Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts."  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

The April 14, 2020, minute order provides:  "Consecutive to count 3, the court imposes 1 year for the allegation pursuant to . . . section 12022.7[, subdivision] (a), which is 1/3 the term.  [¶] The court orders the sentence in count 3 to run consecutive to the sentence in count 1.  [¶]  Consecutive to counts 1 and 3, the court imposes an additional 5 years pursuant to . . . section 667[, subdivision] (a)(1) for a total state prison term of 13 years for this case."  It is clear that the trial court's references to count 3 were for count 4.  We will order the court to correct this error in the minute order.

F.     *Fines and Assessments*

1.     <u>Restitution and Parole Revocation Fines</u>

Defendant next contends the abstract of judgment and minute order erroneously indicate that the trial court imposed restitution and parole revocation fines.  Respondent agrees, and so do we.  The court's imposition of restitution and parole revocation fines pursuant to section 1202.4, subdivision (b) is not mandatory (*People v. Tillman* (2000) 22 Cal.4th 300, 302) and the

14

court did not impose any such fines at the sentencing hearing. Thus, we will order the minute order and abstract of judgment corrected to reflect that no restitution or parole revocation fines should be imposed. (*People v. Mitchell, supra*, 26 Cal.4th at p. 185).)

2. Assessments

Defendant also argues that the abstract of judgment and minute order should be corrected to remove imposition of $120 in court operations assessments (§ 1465.8, subd. (a)) and $90 in court facilities assessments (Gov. Code, § 70373, subd. (a)(1)). Respondent counters that we should impose these mandatory assessments on appeal. We decline to do so as the prosecution neither sought such assessments nor objected to the trial court's failure to impose them. (See *People v. Carranza* (1996) 51 Cal.App.4th 528, 536.) Instead, we will order the abstract of judgment and minute order corrected to remove imposition of the assessments. (*People v. Mitchell, supra*, 26 Cal.4th at p. 185.)

## IV.  DISPOSITION

The judgment is reversed with directions for the trial court to correct the minute order to reflect that defendant was sentenced for count 4, not count 3.  The court is further directed to delete imposition of the restitution fine, parole revocation fine, court operations assessments, and court facilities assessments in the minute order and abstract of judgment, and to prepare an amended abstract of judgment reflecting this correction.  The court is directed to furnish a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

16