Filed 9/6/13  P. v. Lewis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C071995 |
| Plaintiff and Respondent, | (Super. Ct. No. CR53964) |
| v. | |
| ALISA ANN LEWIS, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 23, 2012, defendant entered a pharmacy and presented two prescriptions to the pharmacist -- one for oxycodone and the other for Norco.  The pharmacist became

1

suspicious since both medications were narcotics and he did not recognize defendant. The pharmacist told defendant he did not have the medications on hand and to return in two days to pick them up. He then called the physician listed on the prescription, who informed him that she did not have a patient by defendant's name and had not issued the prescriptions. Defendant was arrested when she returned to pick up the medications.

Defendant was charged with second degree burglary (Pen. Code, § 459) and forging or altering a prescription (Health & Saf. Code, § 11368). On August 15, 2012, defendant pleaded guilty to second degree burglary with the agreement that the remainder of the charges would be dismissed with a *Harvey* waiver.[1]

On August 29, 2012, the trial court denied defendant probation and sentenced her to the midterm of two years, to be served locally pursuant to Penal Code section 1170, subdivision (h). The trial court ordered defendant to pay a $400 restitution fine (Pen. Code, § 1202.4), a suspended $400 mandatory supervision restitution fine (*id.*, § 1202.45, subd. (b)), a $40 court security fee (*id.*, § 1465.8), and a $30 court facilities assessment (Gov. Code, § 70373). Defendant was awarded 59 actual days' credit and 58 conduct days' credit, for a total of 117 days of presentence custody credit. (Pen. Code, § 4019.)

Defendant appeals. She did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

We find one error that requires correction -- that is, the trial court's imposition of a suspended $400 postrelease supervision revocation fine must be stricken.  At the time of defendant's sentencing on August 29, 2012, Penal Code section 1202.45 provided for a mandatory parole revocation fine in an amount equal to the restitution fine in every case where a prison term includes a period of parole.  (Stats. 2007, ch. 302, § 15; *People v. Tillman* (2000) 22 Cal.4th 300, 302.)  Here, however, defendant's sentence was to be served in county jail pursuant to Penal Code section 1170, subdivision (h).  Since parole is not included in sentences imposed under this statutory scheme (Pen. Code, § 3000, subd. (a)(1) [parole applies to "sentence resulting in imprisonment in the state prison"]), the parole revocation fine did not apply.  Section 1202.45 was amended to provide for a mandatory supervision restitution fine (§ 1202.45, subd. (b));[2] however, that provision did not become effective until January 1, 2013.  (Cal. Const., art. IV, § 8, subd. (c) [absent urgency legislation, statutory amendments enacted at regular session not effective until January 1 next following 90-day period from date of enactment].)  Accordingly, we strike the $400 mandatory supervision restitution fine.  (*People v. Smith* (2001) 24 Cal.4th 849, 852-854 [unauthorized sentence may be corrected at any time].)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified to strike the $400 mandatory supervision restitution fine.  As modified, the judgment is affirmed.  The trial court is directed to prepare an

---

[2]  Stats. 2012, ch. 762, § 1.

amended abstract of judgment reflecting this modification and to forward a certified copy thereof to the appropriate authorities.

                                                _____MURRAY_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____DUARTE_____, J.

4