Filed 3/25/14  P. v. Schuerfeld CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PETER TODD SCHUERFELD,<br><br>    Defendant and Appellant. | C074714<br><br>(Super. Ct. Nos. 62121237, 62123704) |

Appointed counsel for defendant Peter Todd Schuerfeld has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall affirm the judgment as modified.

**BACKGROUND**

On February 13, 2013, defendant fled from Roseville Police Officer Harlan. During his flight, he discarded a small baggie of methamphetamine that weighed 0.7 grams, a useable amount.

1

On June 3, 2013, in case No. 62121237 (the February case), defendant pleaded no contest to possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) In exchange, a count of obstructing a peace officer (Pen. Code, § 148)[1] was dismissed. The parties agreed that defendant's California Rehabilitation Center commitments in three unrelated cases would be terminated, sentences totaling three years four months would be imposed in those cases, defendant would be sentenced to either 16 months concurrent or eight months consecutive in the present case, and all four terms would be deemed "time served" after application of defendant's substantial presentence credits.

On July 22, 2013, defendant was granted supervised own recognizance release and ordered to appear in court on August 16, 2013. A week later, defendant was contacted by law enforcement and found to be in possession of a useable quantity of methamphetamine.

On August 16, 2013, in case No. 62123704 (the August case), defendant pleaded no contest to possession of methamphetamine. In exchange, an allegation that the offense was committed while on own recognizance (§ 12022.1) and a count of possession of paraphernalia (Health & Saf. Code, § 11364.1) were dismissed.

In the February case, defendant was sentenced to the low term of 16 months concurrent with the unrelated cases and the court deemed the sentence to have been served. In the August case, defendant was sentenced to county jail for two years, awarded 19 days of custody credit and 18 days of conduct credit, and ordered to pay a $280 restitution fine (§ 1202.4, subd. (b)), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373). The trial court issued a certificate of probable cause.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant later filed several motions in propria persona including a motion for "dismissal" for "insufficiency of evidence," a motion to "drop charges," and a motion for "Evidentuary [*sic*] Hearing." The record does not include rulings on these requests; nor does it include the ruling (if any) on defendant's second request for a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Our review of the record shows that the trial court did not impose the restitution fine, court operations fee, and court facilities fee in the February case. Because the latter two fees are mandatory, we shall modify the judgment to impose these two fees.[2] We also note an error in the amended order of imprisonment. Although the trial court orally imposed a sentence of 16 months concurrent on the February case, the order incorrectly reflects a sentence of two years concurrent for that case, case No. 62121237. The order should be corrected when amended upon modification.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2] The restitution fine, although including a minimum fine of $280, is discretionary in that it permits the trial court to decline to impose it for "compelling and extraordinary reasons." (§ 1202.4, subd. (b).) Although here the trial court did not state reasons for *not* imposing the minimum fine, due to the discretion afforded the trial court, the sentence as pronounced was not *unauthorized*. Thus we cannot now order the fine imposed in defendant's absence. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 389; see also *People v. Tillman* (2000) 22 Cal.4th 300, 303.)

## DISPOSITION

The judgment is modified to impose a $40 court operations fee and a $30 court facilities assessment in case No. 62121237, and we direct the trial court to correct the written order of imprisonment to properly reflect the 16 month sentence orally imposed. As modified, the judgment is affirmed. The trial court is directed to prepare an amended order of imprisonment and to forward a certified copy to the official having custody of defendant.


                 DUARTE   , J.


We concur:


  BLEASE   , Acting P. J.


  MURRAY   , J.