Filed 11/12/14  P. v. Ojeda CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E058700 |
| v. | (Super.Ct.No. SWF1208112) |
| ARTURO OJEDA, | OPINION |
|     Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County.  John M. Davis, Judge.

Affirmed with directions.

David L. Annicchiarico, under appointment by the Court of Appeal, for Defendant

and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Eric Swenson and Barry Carlton,

Deputy Attorneys General, for Plaintiff and Respondent.

Defendant is serving four years in state prison after pleading guilty to possessing

methamphetamine and a billy club.  He challenges only the imposition of a restitution

1

fine and a parole revocation restitution fine because, although the fines are set forth in the minute order for the sentencing hearing, the sentencing court did not actually impose them at the hearing. For the reasons discussed below, we order the minute order and abstract of judgment corrected to reflect that the sentencing court did not impose any restitution fines.

## PROCEDURAL BACKGROUND

On December 11, 2012, defendant pled guilty to possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possessing a billy club (Pen. Code, § 22210)[1] and admitted a strike prior (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On March 18, 2013, the trial court heard and denied defendant's motion to withdraw his plea. On that date, the court sentenced defendant to two years for the drug charge, doubled to four years for the strike prior, plus a concurrent sentence of two years for the billy club charge, doubled to four years for the strike prior. The court awarded defendant 102 days of actual pre-sentence custody credits, plus 102 days of good-time credits (§ 4019). The record transcript indicates the court did not impose or even mention any fines. However, the minute order for that date reflects a $960 restitution fine pursuant to section 1202.4, subdivision (b) and a $960 parole revocation fine also pursuant to section 1202.45, subdivision (a), which the court "suspended unless parole is revoked." These fines are also found on the abstract of judgment.

This appeal followed.

---

[1] All section references are to the Penal Code unless otherwise indicated.

2

Defendant argues the restitution and parole revocation fines should be stricken because they were not part of the trial court's oral pronouncement of judgment.

We agree that the trial court did not actually impose the fines, even though they are included on the minute order, because the court did not do so orally at sentencing in the presence of defendant. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 (*Zackery*).) "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts." (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment." (*Zackery*, at pp. 387-388.)

However, as the People point out, the trial court was obligated either to impose both the restitution fine and the parole revocation fine, or state on the record its reasons for not imposing the fines. "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b)

of Section 1202.4." (§ 1202.45, subd. (a).)  Therefore, in addition to the error by the court clerk in supplementing the court's oral judgment, the sentencing court erred when it neither imposed the fines nor stated on the record its reasons for not imposing the fines.

The next question, then, is what to do about this.  Defendant argues we should order the fines stricken.  The People argue the matter should be remanded to the sentencing court so it can consider whether to impose the fines and, if not, to state its reasons on the record.

In *Zackery*, the relevant facts were identical to those of this case—the trial court did not orally impose these two fines or state its reasons for not imposing them, although the clerk entered the fines into the minutes.  The court of appeal remanded the case to the trial court to perform its duty—to either impose the fines or state on the record its reasons for not doing so.  The People argue this exact remedy would be appropriate in this case. We might be inclined to agree, were it not for the following decision handed down by our Supreme Court on the issue of waiver.

In *People v. Tillman* (2000) 22 Cal.4th 300 (*Tillman*), our Supreme Court found that the appellant—in that case the People—had waived its right to challenge the "sentencing court's failure to discharge the duty imposed by the statutes."  In *Tillman*, the tables were turned, in that the People sought to have these same two fines imposed on appeal after the trial court had omitted to either impose the fines or state its reasons for not imposing them.  In that case, however, the fines did not appear in the minutes.  The Supreme Court found "no material difference" as to whether an appellant had waived the issue, no matter whether the appellant was a defendant challenging the fines imposed or

4

the People challenging that the fines were not imposed. "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*Id*. at p. 303, citing *People v. Scott* (1994) 9 Cal.4th 331, 353.) The Supreme Court declared the imposition of these two restitution fines together to be a "discretionary sentencing choice," and so we are bound by this.[2]

The People contend that the holding in *Tillman* means "the trial court's failure could not be corrected on appeal when there had been no objection below." This may be true. However, we see two separate failures or errors here in the trial court—one subject to waiver and one not. The first error was by the court at sentencing when it failed to comply with sections 1202.4, subdivision (b), and 1202.45, subdivision (a), which required the court to either impose the fines or state its reasons for not doing so. Under *Tillman*, this type of error is not correctible on appeal unless the appellant points out the

---

[2] We acknowledge the People's argument that section 1202.46, enacted effective January 1, 2000, allows a victim, the People or the sentencing court to request "correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4." (§ 1202.46.) However, we agree with the court in *People v. Turrin* (2009) 176 Cal.App.4th 1200, at page 1208, footnote 3, that section 1202.46 did not Legislatively overrule *Tillman*, and that the statute "does not allow correction of a judgment for a restitution fine [on appeal] where its omission has been forfeited."

error to the sentencing court in time for it to correct the error. Neither party did so here.[3] The second failure was that of the clerk when he or she inaccurately entered into the minutes a report that the court had imposed the fines, when it fact the court had not. This error was then compounded when the abstract of judgment was prepared to include the fines. This is not the type of error described in *Tillman* that the defendant could have pointed out at the sentencing hearing in time for the court to have prevented or corrected it. While we cannot pinpoint with accuracy when defendant and/or his counsel became aware of the error, it is not unreasonable to assume that this awareness did not take place in time to prevent or correct the error without resorting to the appeal process.

For the reasons stated above, we conclude that the trial court's error in failing to impose the fines or state why it was not imposing them was correctable at the time, and so any challenge to this error is waived. However, defendant has not waived his ability to ask this court, in this appeal, to correct the inaccurate minutes and abstract of judgment. Waiver principals do not apply in this instance because defendant had no opportunity to point out the error at the sentencing hearing so that the sentencing court could prevent or correct the error.

## DISPOSITION

We direct the superior court clerk to correct the minute order of the sentencing hearing and the abstract of judgment to reflect that the sentencing court did not impose

---

[3] The plea agreement contains a hand-written notation at the bottom of the first page referring to the two restitution fines. However, defendant did not initial this

*[footnote continued on next page]*

6

any restitution fines, and to forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT _____

J.*

We concur:

RAMIREZ _____

P. J.

MILLER _____

J.

---

*[footnote continued from previous page]*
notation, and there is no indication when this notation was added to the agreement.  Thus, we do not consider the notation and the fines to be part of the plea agreement.

\* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.