Filed 4/2/21  P. v. Huggins CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306062 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA089399) |
| v. | |
| DARRELL HUGGINS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed as modified.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Darrell Tyrone Huggins appeals from the judgment entered after he was resentenced following our prior decision on appeal vacating his original sentence.[1] Defendant contends that the trial court erred in imposing a sex offender fine after finding that defendant did not have the ability to pay fines and fees, and that he is entitled to three additional days of presentence custody credit. Defendant also seeks correction of the court's minutes and abstract of judgment to accurately reflect the trial court's oral pronouncements. We agree that the trial court erred in imposing the sex offender fine and that defendant is entitled to additional custody credit. As respondent forfeited below any objection to defendant's remaining contentions as well as on appeal, we order the correction of the court's minutes and abstract of judgment as requested by both defendant and respondent.

## BACKGROUND

In 2018, defendant was convicted of assault to commit rape in violation of Penal Code section 220, subdivision (a)(1)[2] (count 1), and dissuading a witness by force or threat in violation of section 136.1, subdivision (c)(1) (count 2). Defendant admitted two prior robbery convictions as serious felonies, but did not admit that they qualified as strikes. The trial court found that the convictions qualified as strikes, and sentenced defendant as a third strike offender to a total prison term of 30 years to life as to

_____

[1] See *People v. Huggins* (July 31, 2019, B289362) [nonpub opn.] (*Huggins I*).

[2] All further statutory references are to the Penal Code, unless otherwise indicated.

count 1, with the same sentence as to count 2, to run concurrently with count 1.  In addition, the court imposed mandatory fines and fees.

Defendant appealed from the judgment, claiming that the two prior convictions, one from Florida and the other in Georgia, did not qualify as strikes.  (See *Huggins I*, *supra,* B289362.)  We agreed and vacated the sentence, including any fines, fees, and assessments imposed, and remanded the matter for resentencing, while otherwise affirming the judgment of conviction.  (*Huggins I*, *supra,* B289362.)

On April 14, 2020, the trial court resentenced defendant, but then recalled the sentence due to a failure to advise defendant of his right to appeal.  On April 20, 2020, defendant was resentenced on count 1 to the middle term of four years, and on count 2, to a consecutive middle term of three years pursuant to section 1170.15.  The court found that defendant did not have the ability to pay the $30 criminal conviction assessment pursuant to Government Code section 70373 or the $40 court operations assessment as to each count pursuant to section 1465.8, subdivision (a)(1), and waived the assessments. The court imposed a $300 parole revocation fine which it stayed, as well as a $300 restitution fine, which it also stayed.  The court imposed a $300 sex offender fine based upon the mistaken belief that the fine was mandatory under section 290.3.  The trial court calculated custody credit as 1,122 days, consisting of 976 actual days and 146 days of conduct credit.

Defendant again appealed from the judgment.

# DISCUSSION

## I. Sex offender fine

Defendant contends that the trial court erred in its understanding that the $300 sex offender fine could not be waived, and that the imposition of the fine was unauthorized as the court had found defendant did not have the ability to pay fines and fees. Respondent agrees.

Those "convicted of any offense specified in subdivision (c) of Section 290 [which includes section 220, subdivision (a)(1)] shall, in addition to any imprisonment or fine, or both, imposed for commission of the underlying offense, be punished by a fine of three hundred dollars ($300) . . . , *unless* the court determines that the defendant does not have the ability to pay the fine." (§ 290.3, subd. (a), italics added.) Here, the trial court found that defendant did not have the ability to pay a $300 restitution fine, a $60 court facilities assessment, or a $80 court operations assessment, and mistakenly imposed the sex offender fine. As respondent notes, if defendant did not have the ability to pay those amounts, it follows that he did not have the ability to pay a $300 sex offender fine.

"[S]ection 290.3, subdivision (a) requires the trial court to impose a fine of the prescribed amount, or to impose no fine at all if it determines that the defendant does not have the ability to pay the fine." (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1370.) As the trial court determined that defendant did not have the ability to pay any other fines and assessments, we agree that the trial court erred in imposing the sex offender fine. Thus, both the fine and the penalty assessments surcharge attached to the fine are stricken as requested by both defendant and respondent.

4

(See *People v. Hamed* (2013) 221 Cal.App.4th 928, 940-941; *People v. Sharret* (2011) 191 Cal.App.4th 859, 864.)

## II. Custody credit

Defendant contends that the custody credit was inaccurately calculated. He was credited with 1122 days, comprised of 976 actual days and 146 days of conduct credit. Defendant was arrested August 16, 2017 and sentenced April 20, 2020. The number of days between those dates is 979, not 976. Defendant does not dispute the calculation of his conduct credits at 146 days. Respondent agrees that defendant is entitled to three additional days of custody credit, and that the abstract of judgment should be amended to so reflect.

## III. Correction of the minutes and abstract of judgment

Defendant asks that the abstract of judgment be amended to accurately reflect the imposition of fines and fees by omitting the sex offender fine, as well as the $870 in penalty assessments and the $60 surcharge attached to the fine. As we have agreed that the sex offender fine was unauthorized, we will strike it and order the abstract amended accordingly.

The abstract also indicates that the restitution fine is payable forthwith, although the trial court stayed the fine. A restitution fine need not be imposed if the trial court finds a compelling and extraordinary reason not to do so, but a defendant's inability to pay does not qualify as a compelling and extraordinary reason. (§ 1202.4, subd. (c).) However, the prosecution did not object below or claim that there was no compelling or extraordinary reason for the court's order, and respondent does not challenge the order here. We thus order the

5

abstract amended, as we have no occasion to overrule the trial court under such circumstances.  (See *People v. Tillman* (2000) 22 Cal.4th 300, 301-302.)

In addition, the abstract erroneously stated that the $30 criminal conviction assessment pursuant to Government Code section 70373 and the $40 court operations assessment pursuant to section 1465.8, subdivision (a)(1), were imposed as to each count.  The trial court waived the assessments.  The two statutes are silent as to whether a defendant's ability to pay may or may not be considered, although at least one court has held the fees to be mandatory.  (See *People v. Woods* (2010) 191 Cal.App.4th 269, 272.)  Here, however, the prosecution did not object below, does not claim that the fees must be imposed, and joins defendant in seeking modification of the abstract of judgment to reflect the waiver of the fees.  Under such circumstances, we will not disturb the trial court's order, and order the abstract corrected. (Cf. *People v. Tillman*, *supra*, 22 Cal.4th 301-302 [prosecutor's failure to object waives trial court's error in failing to state reasons not to impose a restitution fine].)

## DISPOSITION

The judgment is modified as follows: the $300 sex offender fine is stricken, along with any penalty assessments or surcharge; and defendant is awarded three additional actual days of custody credit for a total of 979 actual days, plus 146 days of conduct credit.  In addition, the minutes and amended abstract shall reflect that the sentencing court stayed the $300 restitution fine and waived the criminal conviction assessment pursuant to Government Code section 70373 as well as the court operations assessment pursuant to section 1465.8, subdivision (a)(1).  The

6

superior court is directed to issue an amended abstract of judgment consistent with this order, and to then forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:

_____, P. J.
LUI

_____, J.
ASHMANN-GERST

7