Filed 7/26/22 P. v. Rabbitt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094637 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF20752, CRF2101131) |
| v. | |
| THOMAS CECIL RABBITT II, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Thomas Cecil Rabbitt II asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

In case No. CRF-20-752 (752), during a traffic stop of defendant, a Yuba County police officer conducted an inventory search and found over 37 grams of individually

1

bagged methamphetamine and scales. Defendant pleaded guilty to possession for sale of methamphetamine (Health & Saf. Code, § 11378) in exchange for a maximum two-year (midterm) sentence. Defendant failed to appear at sentencing. As a result of his failure to appear, defendant agreed to the upper term of three years.

In case No. CRF-21-131 (131), while sentencing was pending on case No. 752, defendant was again found in possession of methamphetamine. Defendant pleaded no contest to possession of methamphetamine in exchange for eight months consecutive to the term in case No. 752.

At sentencing, the court imposed the agreed to prison terms in each case and dismissed the remaining charges in case No. 752. In case No. 752, the court imposed $300 restitution fine (Pen. Code, § 1202.4 - undesignated statutory references are to the Penal Code) and imposed and stayed a $300 parole revocation fine (§ 1202.45), $40 court security fee (§ 1465.8), $30 conviction assessment (Gov. Code, § 70373), $705 drug program fee (Health & Saf. Code, § 11372.5, subd. (a)(d)), and $50 lab fee (Health & Saf. Code, § 11372.7, subd. (a)). The court awarded defendant 124 days of custody credits. In case No. 131, the court noted defendant was not entitled to any custody credits in that case, and then stated: "Restitution fine of $300 to run concurrent [to] his other case pursuant to 1202.5. An additional $300 is suspended, suspension lifted upon revocation of parole." The court also imposed the $705 drug program fee, $40 court security fee and $30 conviction assessment and stated all of those fines would be "concurrent to the other case." The People did not object. The abstract of judgment reflects the fines and fees imposed in case No. 752, and does not indicate any fines and fees imposed in case No. 131 or that the fines are "concurrent." The minute order does indicate the fines are concurrent.

Defendant did not obtain a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the record, we note an error related to the fines in case No. 131. The court indicated all the fines in that case, including the restitution fines, would run concurrent with the sentence in case No. 752. To run sentences concurrently means the terms will be served simultaneously. (Black's Law Dictionary (11th ed. 2019).) A fine cannot run concurrent to a term of imprisonment, it must be converted to custody time first. Section 1205 empowers the court to convert a fine to custody time and sets a conversion rate of no more than $125 per day. (§ 1205, subd. (a).) Restitution fines and orders are explicitly excluded from the authority granted in section 1205. (§ 1205, subd. (e).) Thus, the court could not have run the restitution fines "concurrent" to the custody time. In addition, the court did not convert any of the fines to days of imprisonment. The People did not object to running any of the fines "concurrent" or the failure to convert the fines to custody time, therefore any claim as to these errors would be forfeited. (*People v. Tillman* (2000) 22 Cal.4th 300.) Nor would correction of this error result in a disposition more favorable to defendant. We address the error because we have seen this error in an increasing number of cases.

After reviewing the record, we have found no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

KRAUSE, J.