Filed 10/16/23  P. v. Mosier CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C096230 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CR002427) |
| v. | |
| TARA CHRISTINE MOSIER, | |
| Defendant and Appellant. | |

Defendant Tara Christine Mosier pled guilty to two counts of transportation of a controlled substance with intent to sell.  On appeal, defendant contends the trial court incorrectly imposed fines and fees without orally pronouncing them in her presence.  We conclude defendant's failure to object to the lack of an oral pronouncement during sentencing forfeited this claim on appeal, and therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Because defendant does not appeal her convictions, we summarize only the relevant procedural history.

Seven weeks after defendant's guilty plea, she was sentenced. As part of the probation report, the probation department recommended defendant pay a court operations assessment of $80, a conviction assessment of $60, a restitution fine of $1,200, a lab analysis fee of $50, penalty assessments of $130, a drug program fee of $100, and additional penalty assessments of $260, for a total of $1,880. Defendant confirmed she received a copy of the probation report. The court sentenced defendant to a prison term of eight years.

After pronouncing the prison term, the court asked, "With regard to the remaining terms and conditions, do counsel waive reading of those?" Defense counsel said, "Yes," but asked to clarify defendant's sentence and credits. After clarifying these matters, the trial court again asked, "So, counsel, [do you] waive reading of those terms and conditions?" Defense counsel replied, "Yes, your Honor." The court then said, "Okay. So those are incorporated as if they were fully read on the record and made an order of the court." The court twice asked the parties if there was anything it may have missed. Defense counsel said, "No, your Honor," and the proceedings concluded.

The minute order from the hearing provided, "[t]he Court adopts the terms and conditions listed" in the probation report's "entirety," "[a]s if read into the record in their entirety and incorporated into the judgment and sentence." "Respective [c]ounsel waived reading." The abstract of judgment indicated that the court imposed $1,880 in fines and fees.

Defendant filed a motion with the trial court requesting it remove the fines and fees from the abstract of judgment, as they were not orally pronounced. The trial court denied the motion. Defendant appeals.

2

DISCUSSION

Defendant argues that the trial court improperly imposed the $1,880 in fines and fees because they were not orally pronounced in her presence.  The People argue that, because defendant failed to object to the lack of oral pronouncement of fines and fees during sentencing, she has forfeited the claim.  We agree with the People.

In *People v. Tillman* (2000) 22 Cal.4th 300, 302, our Supreme Court held that the prosecution's failure to object to the lack of an oral pronouncement of fines and fees forfeited an appellate claim the fines and fees were erroneously not imposed.  This forfeiture rule applies the same to criminal defendants as it does to the prosecution.  (*Id.* at p. 303.)

This case is no different from *Tillman*.  The trial court twice asked if defendant waived reading of the terms and conditions in the probation report.  On both occasions defendant's counsel said, "Yes."  After incorporating the terms and conditions into the record, the trial court twice asked the parties if it had missed anything.  Defendant's counsel said, "No."  Because defendant failed to object to the lack of oral pronouncement at trial, she has forfeited the claim on appeal.

Defendant contends she could not have understood the terms and conditions the court was referring to as being the fines and fees listed in the probation report because the fines and fees in the probation report were recommended as terms of probation, which the court did not order.  We find this argument unavailing.  While the trial court did not impose probation and the related terms, the only other terms and conditions listed in the prison recommendation were the fines and fees at issue here.  Defendant has not identified alternative terms and conditions she reasonably believed the court was referring to when it asked if she waived reading of the terms and conditions.  Thus, a reasonable reading of the record reveals the trial court incorporated the fines and fees listed in the probation report when orally pronouncing defendant's sentence.

Defendant relies on *People v. Zackery* (2007) 147 Cal.App.4th 380 for a contrary outcome. *Zackery* is inapposite. In *Zackery*, the defendant pled no contest to two of three counts, but the clerk indicated in the minute order that he pled no contest to all three. (*Id*. at pp. 384-385.) The appellate court ordered correction of the minute order because it did not reflect what occurred at the trial court. (*Id*. at p. 386.) Here, defendant has not demonstrated a clerical error. Instead, the minute order and the abstract of judgment correctly reflect that the trial court incorporated into the judgment the fines and fees contained in the probation report. Thus, *Zackery* does not provide us with a basis to strike defendant's fines and fees.

DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　ROBIE, Acting P. J.



We concur:



/s/_____
MAURO, J.



/s/_____
KRAUSE, J.

4