Filed 4/2/24  P. v. Stevens CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098133 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE006487) |
| v. | |
| TERRY RAY STEVENS, SR., | |
| Defendant and Appellant. | |

Defendant Terry Ray Stevens, Sr., pled no contest to gross vehicular manslaughter and admitted three aggravating circumstance allegations.  On appeal, defendant contends the minutes and abstract of judgment inaccurately reflect the trial court's oral pronouncement of judgment as to the statutory restitution fine and the parole revocation restitution fine.  Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Because defendant does not raise issues on appeal related to his plea nor admissions, we summarize only the relevant procedural history.

1

At defendant's sentencing hearing, the trial court indicated it considered defendant's probation report for the purpose of sentencing and defendant confirmed he received and reviewed a copy of the report. On page 7 of the report, under the heading "Recommendation" in typed print, item 2 recommends "[d]efendant pay a restitution fine pursuant to Penal Code[1] [s]ection 1202.4 in the amount of $1,200." The trial court referred to pages 7-9 of the report and, after imposing "[o]nly mandatory minimum fines and fees," pronounced, "Item 2. It says make restitution pursuant to . . . [s]ection 1202.4 -- no. Excuse me. That's the fine. And I'm going to reduce the fine because I'm more interested in him making restitution to the victim." The defense subsequently waived a detailed recitation of further conditions, fines, and fees.

The trial court sentenced defendant to a prison term of four years. The minute order from the hearing noted two restitution fines of $300 each. The abstract of judgment imposed a $300 section 1202.4, subdivision (b) restitution fine (statutory restitution fine) and a $300 section 1202.45 parole revocation restitution fine (parole revocation fine).

After the sentencing hearing, defendant asked the trial court to strike the statutory restitution fine and the parole revocation fine listed in the trial court's minute order and abstract of judgment pursuant to section 1237.2. (*People v. Fares* (1993) 16 Cal.App.4th 954, 960 [counsel should attempt to correct administrative errors "in the trial court before elevating the issue to the stature of formal appeal"].) Our records indicate the trial court has not responded to defendant's request.

Defendant appeals.

DISCUSSION

Defendant contends, "The trial court erred when it permitted the entry of a restitution fine in the minutes and abstract of judgment without a corresponding oral

---

**1** Further undesignated section references are to the Penal Code.

2

pronouncement by the judge." (Boldface & some capitalization omitted.) We disagree and conclude the minutes and abstract of judgment are correct because the trial court's oral pronouncement imposing only statutory minimum fines included the imposition of a $300 statutory restitution fine and a corresponding $300 parole revocation fine.

Defendant argues the twin $300 fines included in the trial court's minutes and abstract of judgment are erroneous because the trial judge's oral pronouncements evinced her intent to reduce the statutory restitution fine and parole revocation fine to zero to emphasize restitution awarded to the victim. Specifically, defendant contends the trial judge intended the interest of victim restitution to constitute a compelling and extraordinary reason to waive the fines. (See § 1202.4, subd. (b).) We disagree.

" ' "[A] trial court is presumed to have been aware of and followed the applicable law." ' " (*People v. Picazo* (2022) 84 Cal.App.5th 778, 802.) The trial court is required to impose a restitution fine paid to the victim *and* pursuant to section 1202.4, subdivision (b). (§ 1202.4, subd. (a)(3) ["The court . . . shall order the defendant to pay both . . . [¶] (A) [a] restitution fine in accordance with subdivision (b)" and "(B) [r]estitution to the victim"].) Section 1202.4, subdivision (b) states, "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." For defendants convicted of a felony, "the fine shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000)." (§ 1202.4, subd. (b)(1).)

At the sentencing hearing, the trial judge did not explicitly outline any "compelling and extraordinary reasons" for not imposing the statutory restitution fine, and instead expressly stated she would impose "mandatory minimum fines." (See § 1202.4, subd. (c).) Defendant argues victim restitution alone is a compelling and extraordinary reason for reducing the statutory restitution fine to $0, so "all funds at his disposal would be available to pay victim restitution." Yet, defendant does not argue that

3

he is unable to pay either or both fines and indeed acknowledges section 1202.4, subdivision (c)'s explicit prohibition on reducing the statutory restitution fine based only on a defendant's inability to pay.[2]  Further, defendant ignores the fact that the Legislature explicitly distinguished between the statutory restitution fine and victim restitution, declaring them separately as required under section 1202.4, and that the California Constitution mandates victim restitution be paid prior to any statutory restitution awards. (See § 1202.4, subd. (a)(3); Cal. Const., art. I, § 28, subd. (b)(13)(C) ["All monetary payments, monies, and property collected from any person who has been ordered to make restitution shall be first applied to pay the amounts ordered as restitution to the victim"].) In any event, we need not address defendant's argument because the record does not support the necessary underlying inference that the trial judge here intended her passing reference to victim restitution to be a compelling and extraordinary reason for declining to impose the statutory restitution fine.

Indeed, while referencing the probation report's recommendation for a $1,200 statutory restitution fine, the trial judge indicated she would *reduce* the statutory restitution fine—not strike or waive it.  This indicates the trial judge intended to impose *some* dollar amount pursuant to section 1202.4, subdivision (b), not eliminate it.  The $300 statutory restitution fine listed in the trial court's minute order and abstract of judgment also matches the minimum fine listed in section 1202.4, subdivision (b)(1), which parallels the trial's judge's pronouncements to "reduce" the $1,200 fine and impose "[o]nly mandatory minimum fines and fees."  Together, the trial judge's choice of

---

[2]    We acknowledge there are constitutional issues around section 1202.4's mandate that a statutory restitution fine be imposed.  (See *People v. Duenas* (2019) 30 Cal.App.5th 1157, 1172.)  Defendant does not raise those issues here and only challenges the amount indicated in the minute order and abstract of judgment based on the language of section 1202.4 and the language used by the trial judge when imposing the statutory restitution fine.

words during her oral pronouncement and our presumption that she followed the law leads us to conclude the trial judge's decision was to impose the $300 statutory restitution fine listed in the trial court's minute order and abstract of judgment. (See *People v. Picazo*, *supra*, 84 Cal.App.5th at p. 802.) We decline to address counsel's assertions regarding the handwritten annotations to the recommended $1,200 fine on page 7 in the probation report because consideration of the markings is unnecessary to reach our conclusion.

Defendant refutes our reading of the record by arguing the law is more complex than we presume in that the statutory restitution fine is not mandatory and thus was not included in the trial judge's oral pronouncement. Review of section 1202.4 and relevant authority leads us to reject defendant's claims.

Statutory interpretation is subject to a de novo review on appeal. (*People v. Curiel* (2023) 15 Cal.5th 433, 461.) When interpreting a statute, we must consider the Legislature's intent, attribute a " ' " ' " 'plain and commonsense meaning' " ' " ' " to the words it chose to use, and consider the words within " ' " ' "the statutory framework as a whole." ' " ' " (*Ibid.*) Section 1202.4 expressly provides that the trial court impose upon a criminal defendant restitution to the victim *and* separate restitution pursuant to subdivision (b). (§ 1202.4, subd. (a)(3).) The Legislature uses the word "shall" four times in the same number of sentences to characterize the trial court's duty to impose the statutory restitution fine upon criminal defendants. (§ 1202.4, subd. (b).) Section 1202.4, subdivision (b)(1) indicates "the fine *shall not be less than* three hundred dollars ($300)." (Italics added.) Subsequent subdivisions in the statute thrice note that section 1202.4, subdivision (b)(1) lists the "minimum fine." (See § 1202.4, subds. (b)(2)-(d).)

Section 1202.4's recurrent use of "shall" and repeated references to "the minimum fine pursuant to paragraph (1) of subdivision (b)" unambiguously demonstrate the Legislature's intent that every criminal defendant convicted of a felony be charged a minimum statutory restitution fine of $300, *except* in the circumstance the trial court

5

finds compelling reasons not to *and* states those reasons on the record.  (See § 1202.4, subds. (a)-(d), italics added.)  The compelling and extraordinary reasons clause in section 1202.4, subdivision (b) consequently acts to provide an *exception* to the mandated fine in certain situations, and not, as defendant asserts, to transform the character of the fine from obligatory to nonobligatory.  (Cf. Black's Law Dict. (11th ed. 2019) p. 708, col. 1 [a statutory *exception* is a "provision in a statute exempting certain [situations] from the statute's operation"].)

Additionally, although some courts have chosen not to impose the statutory restitution fine, our Supreme Court and appellate court decisions have consistently referred to section 1202.4, subdivision (b) as a mandatory fine with a $300 minimum.  (See, e.g., *People v. Smith* (2001) 24 Cal.4th 849, 851 [although some courts choose not to impose them, the statutory restitution fine and parole revocation fine are mandated]; *People v. Tillman* (2000) 22 Cal.4th 300, 302 [the statutory restitution fine and parole revocation fine are statutorily mandated obligations]; *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1061 ["$300 [is the] statutory minimum"], review granted Dec. 14, 2022, S277314.)  Therefore, statutory analysis and California case law support our conclusion that the statutory restitution fine is mandatory with a $300 minimum excluding a narrow statutory exception not met in this case and subject to constitutional constraints not argued in this case.

Given our conclusion about the trial court's intent to impose the statutory restitution fine, we necessarily reject defendant's claim of error regarding the imposition of the parole revocation fine in the trial court's minute order and abstract of judgment.  When the court imposes a statutory restitution fine, it must also issue an equivalent parole revocation fine.  (§ 1202.45; *People v. Tillman*, *supra*, 22 Cal.4th at p. 302.)  As discussed, the trial court's minute order and abstract of judgment accurately reflect the trial judge's imposition of a $300 statutory restitution fine.  Accordingly, we conclude the

trial court's minute order and abstract of judgment also correctly reflect the $300 parole revocation fine.

DISPOSITION

The judgment is affirmed.


/s/_____
ROBIE, Acting P. J.



We concur:



/s/_____
KRAUSE, J.



/s/_____
WISEMAN, J.*

---

*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.