Filed 5/28/25  P. v. Robinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100245 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE000471) |
| v. | |
| REMY ROBINSON, | |
| Defendant and Appellant. | |

A jury found defendant Remy Robinson not guilty of murder but guilty of the lesser included offense of voluntary manslaughter (count one) and possession of a firearm by a person who has previously been convicted of a felony (count two).  The jury found that defendant personally used a firearm in the commission of count one (Pen. Code, § 12022.5, subd. (a))[1] and that he was armed in the commission of count two (§§ 667,

---

[1] Undesignated statutory references are to the Penal Code.

1

subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)).  In a bifurcated proceeding, the trial court found true that defendant had been convicted of two prior strikes.  The court struck the first strike under *People v. Superior Court (Romero)* 13 Cal.4th 497 and sentenced defendant to an aggregate term of 34 years and eight months.[2]  The trial court did not discuss fines and fees at sentencing.

On appeal, defendant argues:  (1) the trial court abused its discretion and violated his constitutional rights by excluding an out-of-court statement by the victim's girlfriend that she handed a gun to the victim prior to his being shot; (2) the trial court violated his right to due process and section 654 when it imposed consecutive sentences for counts one and two; and (3) we must order fines and fees not orally imposed at sentencing stricken from the abstract of judgment.  The People concede that section 654 required the trial court to stay the sentence on either count one or count two.  We accept the People's concession and remand for a full resentencing consistent with this opinion.  At resentencing, the court may not, for the first time, impose a restitution fine under section 1202.4, subdivision (b) or a parole revocation fine under section 1202.45.

## I.  BACKGROUND

Defendant and the victim were part of an argument on a residential street.  The victim's girlfriend left the area and returned with a gun that she gave to the victim.  Defendant thereafter shot the victim, who died of multiple gunshot wounds.

## II.  DISCUSSION

*A.*    *The Victim's Girlfriend's Hearsay Statement*

*1.*    *Motion in Limine*

Defendant moved in limine to introduce, as a statement against interest under Evidence Code section 1230, the victim's girlfriend's statement to law enforcement that

---

[2]  The court also struck two section 667, subdivision (a) enhancements under section 1385.

2

she brought the victim the gun that he was holding when he was shot.  The transcript of the girlfriend's statement to law enforcement is apparently 80 pages long and not in the record.  At the hearing on the motion, the trial court asked defense counsel to identify the statement he wanted to use.  Defense counsel indicated he wanted to introduce a statement "that she got the gun from down the street and retrieved it and gave it to [the victim] in some fashion."  The trial court summarized the statement as "that she ran to go get a gun or the victim—gave it to him, turned around after handing it to him, heard shots."  Defense counsel argued the victim's girlfriend was "in possession of a firearm concealed upon her person, which I think is in violation of her penal interests.  [¶]  She also brings a gun to a situation . . . which is volatile, and then the shooting takes place.  And that's against social interest and pecuniary interest, civil interest."  The prosecutor argued, "I don't believe there is any colorable argument that can be made to suggest that she was making a statement against her own interest, rather than simply trying to help her boyfriend, who was in a situation where things were getting heated up where two other people had handguns already out and displayed."  The prosecutor also argued the circumstance of the girlfriend being under arrest for shooting at a fleeing car during the incident made the statement unreliable "[b]ecause at that time, she's in preservation mode, and she's trying to save herself from prosecution."

The court denied the motion:  "I am going to find that this doesn't qualify as a statement against interest."

2.      *Statements Against Interest*

"Evidence Code section 1230 sets out the hearsay exception for statements against interest:  'Evidence of a statement by a declarant having sufficient knowledge of the subject is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and the statement, when made, was so far contrary to the declarant's pecuniary or proprietary interest, or so far subjected him to the risk of civil or criminal liability . . . , or created such a risk of making him an object of hatred, ridicule, or social disgrace in the

3

community, that a reasonable man in his position would not have made the statement unless he believed it to be true.' The rationale for the exception 'is that "a person's interest against being criminally implicated gives reasonable assurance of the veracity of his statement made against that interest," thereby mitigating the dangers usually associated with the admission of out-of-court statements.' [Citation.] To satisfy the exception, the proponent ' "must show 'that the declarant is unavailable, that the declaration was against the declarant's penal [or other] interest, and that the declaration was sufficiently reliable to warrant admission despite its hearsay character.' " ' [Citations.] We review the trial court's ruling for abuse of discretion. [Citations.] Its decision will not be disturbed on appeal ' "except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." ' " (*People v. Chhoun* (2021) 11 Cal.5th 1, 47.)

The parties do not dispute that the victim's girlfriend was unavailable. On appeal, defendant argues her statement "contains an implied admission that she carried a loaded firearm in a concealed manner on a public street." (See §§ 25400, 25850, subd. (a).) Defendant contends the statement "also implicated several crimes that she aided and abetted" such as the victim's own illegal possession or use of a firearm. (See §§ 245, subd. (a)(2), 417, subd. (a)(2), 3453, subd. (m), 25300, 29800, 29815.) We are unpersuaded. As defendant acknowledges, "The litmus test of determining the admissibility of the extrajudicial statement under [Evidence Code] section 1230 is whether the declarant should have realized or did realize *that the statement when made was distinctly against his penal interest*." (*People v. Johnson* (1974) 39 Cal.App.3d 749, 761.) " 'In determining whether a statement is truly against interest within the meaning of Evidence Code section 1230, and hence is sufficiently trustworthy to be admissible, the court may take into account not just the words but the circumstances under which they were uttered, the possible motivation of the declarant, and the declarant's relationship to the defendant.' " (*People v. Flinner* (2020) 10 Cal.5th 686, 735.)

4

Before she made the statement at issue, the victim's girlfriend was read her *Miranda*[3] rights, told there was a warrant for her arrest, and told that law enforcement had information that during the incident there was a gun that was held by her "as well." Law enforcement confirmed that she would be going to jail and explained that the only reason the District Attorney would revoke her warrant is if the District Attorney received new information. It was in this context that the victim's girlfriend said she retrieved the gun at the victim's request. She said defendant and another man had been arguing with the victim with guns in their hands. Under the circumstances, the trial court did not abuse its discretion in concluding that the statement did not satisfy the requirements for admissibility as a statement against interest. The victim's girlfriend only admitted to briefly possessing the firearm—after being told law enforcement already knew she had held it—and said she did so at her boyfriend's request at a time when he arguably had a need to defend himself. It was not a statement that was distinctly against her penal interests when she made it. While there may theoretically be different statements she could have made that could have been more helpful to her cause—such as denying she ever held a firearm at all—we agree with the People that the statement she did make, at the time she made it, could have reasonably been motivated by a desire to minimize her culpability for holding the gun. (See *People v. Greenberger* (1997) 58 Cal.App.4th 298, 335 ["Clearly the least reliable circumstance is one in which the declarant has been arrested and attempts to improve his situation with the police by deflecting criminal responsibility onto others"].) Thus, the trial court did not abuse its discretion in concluding the girlfriend's statement did not satisfy the requirements for a statement against interest. We therefore also reject defendant's assertion that the exclusion of the evidence violated his right to due process and a fair trial under the federal Constitution.

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

5

(*People v. Butler* (2009) 46 Cal.4th 847, 865-867; *People v. Lawley* (2002) 27 Cal.4th 102, 155.)

B.     *Section 654*

The trial court sentenced defendant to consecutive terms for voluntary manslaughter (count one) and possession of a firearm by a person previously convicted of a felony (count two). Section 654, subdivision (a) provides, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." Section 654 prohibits punishing a defendant more than once for a single criminal act or for an indivisible course of criminal conduct that reflects a single intent or objective. (*People v. Corpening* (2016) 2 Cal.5th 307, 311.) Defendant argues, and the People concede, that section 654 required the trial court to stay the sentence on either count one or count two because there was no evidence that defendant possessed the gun before or after the shooting. We accept the People's concession. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143-1144.) We remand for a full resentencing consistent with this opinion.

C.     *Fines and Fees*

The abstract of judgment reflects the imposition of a $10,000 restitution fine (§ 1202.4, subd. (b)), a corresponding $10,000 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), an $80 court operations assessment (§ 1465.8), and a $60 court facilities assessment (Gov. Code, § 70373). The minute order reflects only the latter two assessments. None of these amounts were orally imposed. The oral pronouncement controls over the abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Defendant's opening brief argues we must order fines and fees not orally imposed stricken from the abstract of judgment. The People argue this issue is moot because we are remanding for a full resentencing that will necessitate a new abstract of judgment. On reply, defendant argues that adding a restitution fine and parole

6

revocation fine at resentencing when none were originally imposed would violate principles of double jeopardy articulated in *People v. Henderson* (1963) 60 Cal.2d 482.[4] We agree that on remand the trial court may not impose a restitution fine or parole revocation fine for the first time. (*People v. Hanson, supra*, 23 Cal.4th at p. 357.)

## III.  DISPOSITION

The sentences are vacated.  The matter is remanded to the trial court with directions to conduct a full resentencing hearing in accordance with this opinion.

/S/

_____

RENNER, J.


We concur:


/S/

_____

ROBIE, Acting P. J.


/S/

_____

WISEMAN, J.[*]

_____

[4]  Although a restitution fine is mandatory, the court can refuse to impose it for "compelling and extraordinary reasons" that it states on the record.  (§ 1202.4, subd. (c); *People v. Hanson* (2000) 23 Cal.4th 355, 362.)  Here, while there were no "compelling and extraordinary reasons" stated on the record, the People forfeited any objection to the statement of reasons by failing to object in the trial court.  (*People v. Tillman* (2000) 22 Cal.4th 300, 303.)

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.