Filed 10/28/25  P. v. Barker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082292 |
| v. | (Super.Ct.No. FVI08614) |
| CURTIS DASHAWN BARKER, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

The opinion in this matter was filed on August 8, 2025, and the remittitur was issued on October 13, 2025.  On October 23, 2025, this court recalled the remittitur to correct a clerical error.  On the court's own motion, the opinion filed in this matter on August 8, 2025, is modified as follows:

Page 11, line 9, delete "October 2, 2023," and replace it with "September 29, 2023."

1

Except for this modification, the opinion remains unchanged.  The modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>MENETREZ                  </u>
                                                            J.

We concur:


<u>MILLER                  </u>
              Acting P. J.


<u>RAPHAEL                  </u>
                            J.

Filed 8/8/25  P. v. Barker CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E082292 |
| v. | (Super.Ct.No. FVI08614) |
| CURTIS DASHAWN BARKER, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Affirmed with directions.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court found Curtis Dashawn Barker eligible for resentencing under Penal Code section 1172.75, struck his now-invalid prior prison term enhancement, dismissed

1

his two prior serious felony enhancements, and declined to dismiss a prior strike conviction under subdivision (a) of Penal Code section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). (Unlabeled statutory citations refer to the Penal Code.) Barker appeals, arguing that the court abused its discretion by declining to dismiss the strike. He also contends that the court failed to recalculate his custody credits upon resentencing. We direct the trial court to correct the custody credits in the resentencing minute order and the abstract of judgment, but we otherwise affirm.

BACKGROUND

In June 2000, a jury convicted Barker of second degree robbery in violation of section 211, and the court found that he had two prior serious or violent felony convictions for robbery (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that he served a prior prison term for each of those convictions (§ 667.5, subd. (b)). The court sentenced him to 37 years to life, consisting of 25 years to life for the robbery conviction pursuant to the three strikes law, five years for each of the two prior serious felony convictions (§ 667, subd. (a)), and one year for each prior prison term (§ 667.5, subd. (b)).

On direct appeal, this court struck one of Barker's prior prison term enhancements, which was imposed for a 1989 prior prison term, but we otherwise affirmed the judgment. (*People v. Barker* (Apr. 10, 2002, E027893) [nonpub. opn.].)

In 2022, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Barker was serving a term for a judgment that included a prior prison term enhancement that is now invalid under section 1172.75.

2

In May 2023, the court determined that Barker was eligible for recall of his sentence and resentencing under section 1172.75, struck his remaining prior prison term enhancement, and set the matter for a full resentencing.

Defense counsel submitted a brief arguing that the court should dismiss Barker's prior serious felony enhancements and one of his prior strike convictions. The attachments to the brief included certificates of completion of programs while in custody, records of discipline, letters from relatives requesting Barker's release, employment and housing opportunity letters, and education history.

The court held a resentencing hearing in August 2023. Barker testified that he had been in prison since 1998 and that he was 57 years old. In prison, he participated in various job training programs, and he took self-help programs because he "wanted to become a better person" even though he knew that he would probably never be released from prison. Barker had been disciplined in prison when "somebody [threw] weed up under [his] door" and when his "cellie [had] a cell phone." He had never been in any fights in prison, and he was never disciplined for any violence. He participated in a breast cancer walk, and he built bicycles for less fortunate children. He never tested positive for drugs or alcohol. He wrote a remorse letter, and he prepared a relapse prevention plan. He said that if he were released, he could get a job with his brother or niece, and he had his family's support. He wanted to participate in a reentry program, and he had been accepted into "quite a few of them."

The court asked Barker to explain how the public would be safe if he were released from prison. Barker told the court that he was "willing to go out there and make

3

amends for what [he] did" and that he was "willing to go out there and show people that just because [he] made a mistake, [he is] not a mistake." He told the court that during his time in prison, he interacted with the public "[m]ostly every day" through "mentor . . . groups." He said that he was 21 years old when he committed his first robbery, and he was 26 when he committed his second robbery.

On cross-examination, Barker testified that he had high blood pressure and high cholesterol and that he had been incarcerated previously. He considered himself a "changed man," and he has never relapsed. He acknowledged that he had committed three robberies, and he said that his support system would "prevent [him] from committing another robbery." He said that there was no "risk of future violence," because he does not "normally think that way."

Defense counsel argued that the court should dismiss one of Barker's prior strike convictions because (1) he has served 26 years in prison and "if this same set of facts came in here today on a new case and the defense offered the Court or the People 26 years actual custody time, and of course 30 years with conduct credits, the Court would take that gladly and release [him]," and (2) he has stayed out of "serious trouble" during his time in prison.

In announcing its ruling, the court noted that Barker was convicted of robbery in 2000 and that he had two prior strike convictions, which were based on robberies committed in 1989 and 1994. The court considered postconviction factors such as Barker's minimal disciplinary record, his age, the amount of time he has served, any diminished physical condition, risk of future violence, and other factors that tended to

4

show that circumstances had changed.  The court acknowledged that during Barker's

most recent robbery, "there was [not] really something taken from an immediate

presence" and "[t]here was not weapons involved."  The court stated that in the

"spectrum of robberies, this would certainly be far down on the lower end."  The court

also noted Barker's age when he committed each robbery (21, 26, and 30 years old) and

that his third strike was his third robbery conviction.

The court then stated:  "I do think that initially that this idea of three robberies

committed within 6 years, that is within the spirit of the three strikes law.  So I'm not

going to strike a prior strike.

"However, in my resentencing, I am not going to reimpose the 5-year priors.  So

the enhancements in this case are subject to dismissal based on the 1385 (c) (2) factors.

Most outstanding in my mind is that these enhancements could result in a time of more

than 20 years.  That's already happened.  So if it were a case where [Barker] were

sentenced only to 5 years and then we're adding enhancements to make it 25, we may be

in a different situation, but this has already happened.

"I do not believe that dismissal of these two enhancements would endanger public

safety.  I do not think that he is a risk to others.  The pattern that occurred before this

third conviction was not the same individual in the Court's mind that I see sitting in court

today and talking to me and talking to defense counsel and talking to the D.A.  The

gentleman that was in court today was a respectful individual, someone who has done

everything that we would ask for someone to do while in custody.  Were there hiccups?

Yes.  Those hiccups, possession of weed is a really big difference than if you were

involved in gang activity, you were involved in assaults. If you were involved in those types of things, we would be having a really different conversation right now, but you weren't. So those hiccups to me are little hiccups.

"So, the sentence that I am going to impose as to Count 1, the robbery, pursuant to the three strikes law, I am going to impose the original sentence of 25 years to life. However, that is going to be your total term, because I am not going to reimpose the nickel priors, if you will."

Barker did not object to the trial court's statement that he committed "three robberies committed within 6 years."

The trial court noted that "[t]he original credits in this, though it's somewhat moot in this, the original credits at the time of sentencing were 695 actual and 104 conduct for a total of 799. That would obviously be plus now all of the time that was served in this case." The court did not recalculate Barker's custody credits at the hearing, but the resentencing minute order reflects that Barker has "Credit Time Served 25 Years 6 Days Actual 3 Years 275 Days Conduct Credit PC 2933.1." The amended abstract of judgment does not conform to those numbers.

## DISCUSSION

A.     *Denial of Barker's* Romero *motion*

Barker argues that the trial court abused its discretion by denying his motion to strike one of his prior strike convictions under subdivision (a) of section 1385 and *Romero.* He first contends that the court's reasoning was flawed because it stated that his

6

robberies were committed within a six-year period, but the record reflects that his robberies were committed over a nine-year period.

The People argue that Barker forfeited his argument by failing to object to the trial court's statement "that he committed three robberies within six years." As a general rule, "all 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' raised for the first time on appeal are not subject to review." (*People v. Smith* (2001) 24 Cal.4th 849, 852.) Barker concedes that the argument is forfeited and asks that we reach the issue anyway. We conclude that Barker's argument is forfeited because he failed to raise the issue at resentencing. (*People v. Tillman* (2000) 22 Cal.4th 300, 302-303.)

Even if Barker had not forfeited the argument, the trial court's factual misstatement was harmless. He must show a reasonable probability that he would have obtained a more favorable result if the court had stated the correct timeframe. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) He cannot do so on this record. Although the trial court stated that his three robberies were committed within six years, the record demonstrates that the trial court was aware that Barker committed the three robberies in roughly nine years. The court noted that Barker was convicted by a jury in 2000 of robbery and that he had two prior robbery convictions, one committed in 1989 and one committed in 1994. The court also noted that Barker committed the robberies when he was 21, 26, and 30 years old, respectively. The court's statements show that the court knew the timeframe in which Barker committed the robberies and still found that he was "within the spirit of the three strikes law." Consequently, there was no reasonable

7

probability that the court would have dismissed a strike had the court said "nine years" instead.

Barker argues that "[m]ore importantly," the court's denial of his *Romero* motion was arbitrary because even though "[i]mposi[tion of] a third-strike 25-years-to-life sentence for the 1998 robbery may have been reasonable when the trial court originally did so in 2000," it was not reasonable at resentencing, given Barker's "exemplary prison record," "his favorably received testimony," his positive behavior since he was originally sentenced in 2000, and the court's recognition of his rehabilitation efforts. We disagree.

The purpose of the three strikes law is "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious or violent felony offenses." (§ 667, subd. (b).) It "establishes a sentencing norm" of longer sentences for repeat offenders, and it "carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so." (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) "In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Ibid.*)

Section 1385, subdivision (a), gives trial courts discretion to strike "prior felony conviction allegations in furtherance of justice." (*Romero*, *supra*, 13 Cal.4th at p. 530.) In making that determination, a trial court must balance the constitutional rights of defendants, including the right to avoid disproportionate punishment, against society's legitimate interest in the fair prosecution of properly charged crimes. (*Id.* at pp. 530-531.) In *People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*), our Supreme Court

8

held that when considering a *Romero* motion, "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." Only "extraordinary" circumstances warrant finding that a defendant who is a career criminal "falls outside the spirit of the three strikes scheme." (*Carmony*, *supra*, 33 Cal.4th at p. 378; *People v. Philpot* (2004) 122 Cal.App.4th 893, 907.)

We review a trial court's decision not to strike a prior felony conviction for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 371.) It is the defendant's burden on appeal to "'"show that the sentencing decision was irrational or arbitrary."'" (*Id.* at p. 376.) Absent "'"such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."'" (*Id.* at pp. 376-377.) In addition, we will not reverse a trial court's sentencing decision "'"merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"'" (*Id.* at p. 377.)

We cannot say that the trial court's decision was irrational or arbitrary. (*Carmony*, *supra*, 33 Cal.4th at p. 377.) The record demonstrates that the court considered all of the relevant factors, including the nature and circumstances of Barker's past and present offenses and his background, character, and prospects, and the court declined to strike

9

either of the prior strike convictions because committing three robberies in such a brief period—from age 21 to age 30—"is within the spirit of the three strikes law." (*Williams*, *supra*, 17 Cal.4th at p. 161.) When the court considered whether to strike Barker's enhancements, it also considered the relevant factors under subdivision (c)(2) of section 1385 and the relevant postconviction factors listed in subdivision (d)(2) of section 1172.75. The court was not required to consider those factors when considering Barker's *Romero* motion (§ 1172.75, subd. (d)(2); *People v. Burke* (2023) 89 Cal.App.5th 237, 242-244), and in any event we do not reweigh the evidence on appeal (*People v. Scott* (1994) 9 Cal.4th 331, 355). For all of these reasons, we cannot conclude that the court abused its discretion by declining to dismiss one of Barker's prior strikes.

B.    *Calculation of custody credits*

Barker argues that the trial court failed to recalculate his custody credits. The People agree and contend that from the date Barker was arrested for the present offense (October 1, 1998) to the date of the resentencing hearing (September 29, 2023), Barker was in custody for 9,130 days and also had 1,371 days of conduct credit. Barker's reply brief does not dispute those figures. We accept the People's concession.

"Everyone sentenced to prison for criminal conduct is entitled to credit against his term for all actual days of confinement solely attributable to the same conduct." (§ 2900.5, subd. (d); see also *People v. Buckhalter* (2001) 26 Cal.4th 20, 29-30, 37 (*Buckhalter*).) When a defendant is imprisoned and later resentenced, "the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he

10

was originally committed and delivered to prison custody." (*Buckhalter*, *supra*, at p. 29.) The trial court did not state an updated number of days of custody credit, the resentencing minute order states Barker's custody credits in terms of years rather than days, and the new abstract of judgment states only Barker's custody credits as of his original sentencing. We therefore direct the trial court to correct both the 2023 resentencing minute order and the abstract of judgment to reflect Barker's 9,130 days of actual custody credit and 1,371 days of conduct credit for a total of 10,501 days of credit.

## DISPOSITION

The trial court is directed to correct the minute order of October 2, 2023, nunc pro tunc to reflect 9,130 actual days of actual custody credit and 1,371 days of conduct for a total of 10,501 days of credit. The court is further directed to prepare an amended abstract of judgment conforming to the corrected minute order and to forward a copy to the CDCR. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

RAPHAEL
J.

11